COMMONWEALTH of Pennsylvania, Appellee,

v.

Anthony PANTANO, Appellant.

Superior Court of Pennsylvania.

Argued May 14, 2003.

Filed Nov. 12, 2003.

Mark W. Bufalino, West Pittston, for appellant.

Frank P. Barletta, Asst. Dist. Atty., Wilkes–Barre, for Com., appellee.

Before: STEVENS, LALLY–GREEN and KLEIN, JJ.

LALLY–GREEN, J.

¶ 1 Appellant, Anthony Pantano, was convicted by a jury of selling two bags of marijuana and sentenced to nine months to two years less a day in prison. Appellant argues that the trial court abused its discretion when it denied his motion for continuance and tried him *in absentia.* We agree, and therefore, reverse.

¶ 2 The record reflects the following. Appellant was scheduled to appear for trial on charges of selling marijuana. The week prior to Appellant's original scheduled trial date, the Commonwealth had asked the trial court for a continuance because the officers were out at training. The trial court granted that request.

¶ 3 Appellant did not, however, appear on the new date scheduled for his case. Appellant's counsel, Mark W. Bufalino, requested a continuance. Mr. Bufalino related to the court that he had received a message on his answering machine that there had been a death in Appellant's family and that Appellant would not be in court, although Appellant had made several efforts to reach his attorney over the weekend. The Assistant District Attorney, Mr. Galante then said, "I have no objection, Your Honor.... Based on what happened last week [the granting of the Commonwealth continuance], I feel in fairness to the defense that he did not object to my continuance." The trial court, however, denied the request and tried Appellant *in absentia.* This appeal followed.

¶ 4 First, Appellant argues that the court abused its discretion by failing to grant the continuance. Continuances are governed by Pa.R.Crim.P. 106, which states:

(A) The court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party.

(B) When the matter is before an issuing authority, the issuing authority shall record on the transcript the identity of the moving party and the reasons for

granting or denying the continuance. When the matter is in the court of common pleas, the judge shall on the record identify the moving party and state of record the reasons for granting or denying the continuance.

(C) A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the trial. A later motion shall be entertained only when the opportunity therefore did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

Pa.R.Crim.P. 106.

¶ 5 A defendant has the absolute right to be present at all stages of the criminal proceedings against him. Pa. R.Crim.P. 602(a); *Commonwealth v. Sullens*, 533 Pa. 99, 619 A.2d 1349, 1351 (1992). The trial court has the discretion to grant or deny a request for a continuance. *See,* Pa.R.Crim.P. 106(C). Such grant or denial will be reversed only on a showing of an abuse of discretion. *Commonwealth v. Ross*, 465 Pa. 421, 350 A.2d 836, 837 n. 2 (1976). "Discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record." *Commonwealth v. McAleer*, 561 Pa. 129, 748 A.2d 670, 673 (2000).

¶ 6 Where a trial court denies a request for continuance, discretion is abused where the defendant's right outweighs the Commonwealth's need for efficient administration. *Id.* at 675. In *McAleer,* retained counsel was attached to another trial and was replaced by a lawyer who had not been employed by, or associated with, retained counsel, and who was unfamiliar with the case and unprepared to present a defense. The Court

reasoned that the defendant's right to effective assistance of counsel at trial outweighed the need of the court to run efficiently. *Id.* at 675.

¶ 7 Trials *in absentia* have been upheld where the defendant fails to appear for trial without explanation or absents himself in order to avoid the jurisdiction of the trial court. *See, Sullens*, 619 A.2d at 1353 (trial *in absentia* proper where the defendant absconded from justice after being given permission to attend a family funeral); *Commonwealth v. Perez*, 757 A.2d 955 (Pa.Super.2000) (trial *in absentia* proper where the defendant failed to appear for pre-trial hearing and trial, defendant had been arrested on a bench warrant on second day of trial, and trial court continued the trial after the defendant's first failure to appear); *Commonwealth v. Hill*, 737 A.2d 255 (Pa.Super.1999) (trial *in absentia* proper where the defendant failed to appear for trial and trial had been continued twice in order to locate the defendant); *Commonwealth v. Johnson*, 734 A.2d 864 (Pa.Super.1999) (trial *in absentia* proper where the defendant removed electronic monitoring device and failed to appear for trial despite signing subpoena); *Commonwealth v. King*, 695 A.2d 412 (Pa.Super.1997) (trial *in absentia* proper where the defendant failed to appear for trial four times); *Commonwealth v. Bond*, 693 A.2d 220 (Pa.Super.1997) (trial *in absentia* proper where the defendant appeared in the courtroom prior to the commencement of his trial but then left the courtroom without explanation and could not be located).

¶ 8 There is no question that a trial court has both the authority, as well as the need, to run efficiently. Nevertheless, the record in this case reflects that Appellant's right to be present at his trial outweighed the trial court's need for efficient administration. The relevant circumstances that

are reflected in this record and which are to be weighed include the following. First, the Commonwealth said that it did not object to the grant of a continuance. Second, the reason for the requested continuance derived from a message left on the attorney's answering machine about a death in Appellant's family. Third, there had been no prior continuances granted to Appellant, so Appellant had not previously sought to delay the trial.

¶ 9 Finally, the record reflects a lack of a compelling reason to hold the trial in Appellant's absence with due regard to the inherent prejudice arising from trials *in absentia*.[1] In the instant case, our review of the record reflects that Appellant's behavior did not rise to the level where trial *in absentia* is proper. First, Appellant did not flee the jurisdiction of the trial court. Also, this was Appellant's first request for a continuance. Thus, the case is not analogous to ones where trials *in absentia* were held following numerous continuances to locate the defendants. Finally, Appellant did not absent himself without explanation, but rather presented the trial court with his request for a continuance through his counsel. Under the circumstances in this case, trial *in absentia* was not the appropriate remedy. Simply put, the interests of justice were not served by the denial of a continuance.

¶ 10 Of course, a trial court is not required to grant a continuance to one party merely because it had granted a continuance to the opposition. However, our review of the record leads us to conclude that, on the facts of the case before us, the learned trial court abused its discretion when it refused to grant the continuance.

¶ 11 In view of this disposition, it is not necessary to reach the second issue: namely, whether the court should have granted a mistrial when a detective allegedly vouched for the truthfulness of an informant. This alleged error is unlikely to arise again. If it does, the trial court may deal with it at that time.

¶ 12 Judgment of sentence reversed. Remanded for further proceedings. Jurisdiction relinquished.

¶ 13 STEVENS, J.: files Dissenting Opinion.

STEVENS, J., Dissenting.

¶ 1 I respectfully dissent from the Majority's decision to reverse Appellant's judgment of sentence and remand for further proceedings.

¶ 2 Our distinguished trial judges see and hear from defendants first-hand and are in a much better position than we, appellate court judges, to know when a defendant is manipulating the court system. Such is the case here.

¶ 3 In this case, the Majority gives more weight to the actions of the defendant than to the discretion of the learned trial judge, although there is nothing in the record to indicate that the trial judge abused his discretion. The Majority, by permitting a defendant to avoid a trial date without directly contacting his own attorney and the court to request a continuance, undermines the right of the trial judge to sanction those who manipulate our courts.

¶ 4 Continuances are governed by the Pennsylvania Rules of Criminal Procedure as follows:

**Rule 106. Continuances in Summary and Court Cases**

---

1. In this regard, it is noted that other remedies were available to the trial court before resort to the drastic remedy of a trial *in absentia*. For example, a bench warrant could have issued to secure Appellant's appearance.

(A) The court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party.

. . .

(C) A motion for continuance on behalf of the defendant shall be made not later than 48 hours before the time set for the trial. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

Pa.R.Crim.P. 106. Here, it is undisputed that Appellant's counsel did not request a continuance until the morning of trial. Although the rule allows the trial court to entertain a later motion when the grounds for it did not previously exist, the decision to entertain such a motion is clearly placed within the discretion of the trial court. Pa.R.Crim.P. 106(c).

> The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. *Commonwealth v. Ross*, 465 Pa. 421, 422 n. 2, 350 A.2d 836, 837 n. 2 (1976). As we have consistently stated, an abuse of discretion is not merely an error of judgment. *Mielcuszny v. Rosol*, 317 Pa. 91, 93–94, 176 A. 236, 237 (1934). Rather, discretion is abused when "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record . . . ." *Commonwealth v. Chambers*, 546

Pa. 370, 387, 685 A.2d 96, 104 (1996) (*quoting Mielcuszny*, 317 Pa. at 93–94, 176 A. at 236).

*Commonwealth v. McAleer*, 561 Pa. 129, 136, 748 A.2d 670, 673 (2000).

¶ 5 In this case, Appellant's counsel explained to Judge Olszewski that a female claiming to be Appellant's girlfriend left a message on counsel's answering machine that there had been a death in Appellant's family and that Appellant would not be appearing for trial. N.T. 6/17/02 at 4.[2] As the Majority acknowledges, it is undisputed that Appellant voluntarily absented himself from court. Because I would find that Appellant has failed to show that "the law [was] overridden or misapplied, or the judgment exercised [was] manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record," I would conclude that Judge Olszewski committed no abuse of discretion in refusing to delay the trial. *McAleer, supra.*

¶ 6 I would also specifically conclude it was not error for the trial judge to deny a mistrial on the claim that a witness for the prosecution improperly vouched for the truthfulness of another prosecution witness.

¶ 7 For the foregoing reasons, I would affirm the judgment of sentence.

---

**2.** Although in his brief to this Court Appellant asserts that he "notified his undersigned counsel that he had a death in the family and that he was traveling out of town to the funeral and would not be present on June 17, 2002 for the trial," the transcript makes it clear that Appellant had not spoken to his counsel personally, nor had he personally left a message for counsel. Appellant's brief at 4, N.T. 6/17/02 at 4. Additionally, the message that counsel did receive does not appear to have made any mention that Appellant had to travel out of town for the funeral. *Id.*