**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Raheem WHITMORE, Appellant.**

Superior Court of Pennsylvania.

Submitted May 17, 2004.
Filed Sept. 20, 2004.
Reargument Denied Nov. 29, 2004.

Emily B. Cherniack, Philadelphia, for appellant.

Hugh J. Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: BENDER, BOWES, and JOHNSON, JJ.

JOHNSON, J.:

¶ 1 Raheem Whitmore appeals from the order dismissing his Post Conviction Relief Act (PCRA) petition. *See* 42 Pa.C.S. §§ 9541–46. Whitmore avers that the PCRA court erred in finding that appellate counsel was not ineffective for failing to raise a substantial question in challenging the sentence on appeal. Whitmore also contends that the PCRA court erred in finding that trial and appellate counsel were not ineffective in failing to file a motion to reconsider his sentence and a motion seeking recusal by the trial judge from presiding over his sentencing proceedings. Upon review, we conclude that the PCRA court committed reversible error. Accordingly, we reverse.

¶ 2 On March 29, 2000, Whitmore was convicted of Possession of a Controlled Substance and Possession of a Controlled Substance with the Intent to Deliver. *See* 35 P.S. §§ 780–113(a)(16), (30) (respectively). The Pennsylvania Sentencing Guidelines suggested a standard range minimum sentence of twenty-seven to forty months' incarceration, with the aggravated minimum range being six months more and the mitigated minimum range being six months less than the standard minimum range. *See* Notes of Testimony (N.T.), 4/5/00, at 8. Nevertheless, the trial judge, the Honorable Eugene Maier, sentenced Whitmore to an aggregate sentence of ten to twenty years' imprisonment applying the statutory maximum under 35 P.S. § 780–115(a).

¶ 3 Whitmore appealed to this Court challenging his judgment of sentence asserting, *inter alia,* that Judge Maier erred in sentencing him above the aggravated range of the sentencing guidelines by double-counting his prior conviction, a factor already included in his prior record score, and failed to give adequate reasons for the sentence imposed. *See Commonwealth v. Whitmore,* 782 A.2d 1061 (Pa.Super.2001) (unpublished memorandum). On July 26, 2001, we affirmed his judgment of sentence. *See id.* Whitmore filed a petition for allowance of appeal to our Supreme Court, which denied Whitmore's petition on January 8, 2002. *See Commonwealth v. Whitmore,* 568 Pa. 631, 793 A.2d 907 (2002) (Table).

¶ 4 Whitmore filed a timely PCRA petition on June 28, 2002. The PCRA court appointed private counsel, Attorney Emily Cherniack, to assist Whitmore during the PCRA stage of his proceedings. On April 22, 2003, Attorney Cherniack filed an amended PCRA petition. The Commonwealth filed a motion to dismiss. The PCRA court issued notice pursuant to Pa. R.Crim.P. 907 of its intention to dismiss Whitmore's amended PCRA petition without a hearing. On October 30, 2003, the PCRA court issued an order formally dismissing Whitmore's amended PCRA petition while preserving his *in forma pauperis* status. Attorney Cherniack then filed a timely notice of appeal on Whitmore's behalf and presents the following questions for our consideration:

A. Whether appellate counsel was ineffective for failing to properly raise a substantial issue as to the appropriateness of sentence including that the trial court improperly double counted his criminal history and prior record score in the 1925(b) statement to the trial court?

B. Whether trial counsel and appellate counsel were ineffective for failing to file a motion to reconsider sentence and recusal of the sentencing court where the trial court indicated that "It sounds like Mr. Whitmore should go to jail for about 50 years, quite frankly"? [*sic*]

Brief for Appellant at 5.

■■■ ¶ 5 In reviewing the trial court's denial of PCRA relief, we must determine "if [the trial court's] findings are supported by the record and its [decision] is free of legal error." *Commonwealth v. Watson*, 835 A.2d 786, 795 (Pa.Super.2003). "The burden of establishing counsel's ineffectiveness is on the appellant because counsel's stewardship ... is presumptively ef-

fective." *Commonwealth v. Wilson*, 543 Pa. 429, 672 A.2d 293, 298 (1996).

[T]o prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without any reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, i.e. there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.

*Commonwealth v. Lauro*, 819 A.2d 100, 105–06 (Pa.Super.2003).

■■■ ¶ 6 In support of his first question, Whitmore argues that "the trial court double counted [his] prior record score and improperly omitted its reasons for its sentence on the record." Brief for Appellant at 12. The PCRA court explained that these claims have been previously litigated. Opinion, 12/1/03 at 4–5. We disagree. For purposes of the PCRA, a claim has been previously litigated "if, *inter alia*, the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *See Commonwealth v. Lambert*, 568 Pa. 346, 797 A.2d 232, 239 (2001) (citation omitted); *see also* 42 Pa.C.S § 9544(a). Under the PCRA, a "previously litigated" claim is not cognizable. *See* 42 Pa.C.S. § 9543(a)(3).

■■■ ¶ 7 On Whitmore's direct appeal to this Court, he asserted both of these claims. However, in our unpublished memorandum disposing of Whitmore's direct appeal, we stated with respect to both claims, "Appellant's 2119(f) statement is inadequate to raise a substantial question because it is dependant on a waived claim and it fails to articulate facts of record upon which the claim is predicated." *See Whitmore*, 782 A.2d 1061 (Pa.Super.2001)

(unpublished memorandum). Therefore, we did not address the merits and as such, Whitmore's claims do not qualify as being previously litigated for purposes of the PCRA. *See Commonwealth v. Hanes*, 397 Pa.Super. 38, 579 A.2d 920, 924 (1990) ("We agree that the issue is cognizable under the PCRA. Our disposition in the prior appeal did not turn on the merits of the claim; therefore, it has not been previously litigated ...."); *Commonwealth v. Perlman*, 392 Pa.Super. 1, 572 A.2d 2, 4 (1990) (observing that where waiver occurs on direct appeal, the issue is still cognizable under the PCRA if the issue is raised in the context of an ineffective assistance of counsel claim). Furthermore, a claim that counsel was ineffective for failing to perfect a challenge to the discretionary aspects of sentencing is cognizable under the PCRA. *See Commonwealth v. Hernandez*, 755 A.2d 1, 6 (Pa.Super.2000) (observing that where an appellant seeks to raise a discretionary sentencing challenge on appeal, "counsel's failure to perfect the appeal denied the accused the assistance of competent counsel" guaranteed by the United States and Pennsylvania Constitutions); *see also Watson*, 835 A.2d at 801 ("[A] claim regarding the discretionary aspects of [ ] sentence, raised in the context of an ineffectiveness claim, would be cognizable under the PCRA.").

¶ 8 Neither of Whitmore's challenges asserts that his sentence was illegal. Rather, his claims challenge the discretionary aspects of sentencing and whether appellate counsel was ineffective in properly presenting those claims on direct appeal. *See Commonwealth v. Rodda*, 723 A.2d 212, 213 (Pa.Super.1999) ("Appellate review of sentencing ... is discretionary as to all aspects of sentencing except legality of the sentence."). "[I]t is axiomatic that counsel will not be considered ineffective for failing to pursue meritless claims." *Commonwealth v. Pursell*, 555 Pa. 233, 724

A.2d 293, 304 (1999). Accordingly, we examine the merits of Whitmore's allegations.

 ¶ 9 It is well-settled that only discretionary sentencing challenges which present a substantial question fall within the scope of appellate review. *See Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617, 626 (2002). A claim that the sentencing court failed to state adequate reasons on the record for the sentence imposed presents a substantial question. *See Commonwealth v. Goggins*, 748 A.2d 721, 728 (Pa.Super.2000). Additionally, an assertion that the sentencing judge in imposing sentence relied on factors already included in the defendant's prior record score raises a substantial question. *Id.* at 732. Thus, Whitmore's claims have arguable merit. Moreover, we need not remand for hearing as appellate counsel's failure to perfect on appeal a discretionary sentencing claim which has arguable merit is without any reasonable basis designed to effectuate his client's interest. *Cf. Hernandez*, 755 A.2d at 12 (observing that counsel's failure to preserve a discretionary sentencing challenge for direct appeal lacks a reasonable basis to effectuate appellant's interest). Consequently, our only inquiry is to determine whether Whitmore's claims rise to the level of requisite prejudice to afford him relief.

 ¶ 10 To establish prejudice under the PCRA, an appellant must demonstrate that "but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been different." *Lauro*, 819 A.2d at 106. In support of first question, Whitmore argues that "the trial court double counted [his] prior record score and improperly omitted its reasons for its sentence on the record." Brief for Appellant at 12. Whitmore failed to include his omit-

ted reasons challenge in the statement of the questions presented. Accordingly, we deem this claim waived. *See Commonwealth v. Heggins,* 809 A.2d 908, 912 n. 2 (Pa.Super.2002) ("Issues not presented in the Statement of Questions Involved portion of a brief will not be considered."). Before addressing whether Judge Maier double counted factors already included in his prior record score, we set forth a few guiding principles.

> It has been stated that [s]entencing is a matter vested in the sound discretion of the sentencing judge, and that the sentencing court has broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding his crime. However, it has also been stated that broad discretion does not mean unfettered or unchecked discretion; rather the sentence must be consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant.

*Commonwealth v. Walls,* 846 A.2d 152, 154–55 (Pa.Super.2004) (internal quotation marks and citations omitted). "The court *must* also consider the statutory Sentencing Guidelines, which were promulgated in order to address the problems associated with disparity in sentencing." *Commonwealth v. Mouzon,* 571 Pa. 419, 812 A.2d 617, 620 (2002) (plurality) (emphasis added). In imposing sentence, the record must demonstrate "with clarity that the court considered the sentencing guidelines in a rational and systematic way and made a dispassionate decision to depart from them." *Rodda,* 723 A.2d at 216. It is not enough for the court to pay "token lip service" to the sentencing guidelines simply as a prerequisite to impose whatever sentence it may choose. *Commonwealth v. Gause,* 442 Pa.Super. 329, 659 A.2d 1014, 1017 (1995). As we have previously noted, "unless the particular facts of the case in question are distinguishable from the typical case of that same offense, a sentence in the standard range would be called for." *Walls,* 846 A.2d at 158.

¶ 11 A review of the record reveals that Whitmore's sentence of ten to twenty years' imprisonment was based on the following exchange:

[THE COMMONWEALTH]: Your Honor, if I may ask, the maximum being 10 to 20 here, is there a probationary tail?

\* \* \* \*

[THE COMMONWEALTH]: It's a second conviction, Your Honor.

THE COURT: All right. *I didn't see a second conviction.* The Court is going to reconsider the sentence.

[WHITMORE'S COUNSEL]: Your Honor, if you felt that five to ten was the appropriate sentence, Your Honor, I don't see -

THE COURT: I felt that five to 10 was the appropriate sentence *because that's what I thought was the maximum sentence.*

[WHITMORE'S COUNSEL]: Your Honor, is it the appropriate sentence because it's the maximum, or is it the appropriate sentence because five to 10 is inappropriate? Five to ten was appropriate at the time.

THE COURT: It was appropriate at that time because it was the maximum. *It sounds like Mr. Whitmore should go to jail for about 50 years, quite frankly.*

N.T., 4/5/00, at 13–15 (emphasis added).

¶ 12 We have observed, "factors that are already used in Guidelines computations, including, *inter alia,* prior convictions, may not be used to justify an aggravated sentence." *Commonwealth v. Johnson,* 758 A.2d 1214, 1219 (Pa.Su-

per.2000) (emphasis in original). There is no indication of record that Whitmore's prior conviction was not already factored into his prior record score under the sentencing guidelines. In fact, the record reveals that the Commonwealth was aware of Whitmore's prior conviction and in accord with Judge Maier's recitation of the suggested standard range sentence. *See* N.T., 4/5/00, at 8, 14. Thus, we conclude that Whitmore's prior conviction was already included in his prior record score. Pursuant to *Johnson,* a prior conviction which is already factored into a defendant's prior record score can not be used to impose an aggravated minimum sentence under the sentencing guidelines. *See* 758 A.2d at 1219. By logical extension, this same type of conviction cannot serve as the basis for imposing an even greater sentence, the statutory maximum. Accordingly, Judge Maier committed reversible error by double-counting Whitmore's prior conviction in imposing a statutory maximum sentence. Before vacating Whitmore's sentence, we are compelled to offer a few observations and instructions upon remand.

¶ 13 We have reviewed the entire sentencing transcript. It is clear to this Court that Judge Maier gave the sentencing guidelines only cursory mention rather than serious deliberation. Moreover, it is equally disturbing that Judge Maier's primary reason in imposing Whitmore's initial statutory maximum sentence was the seriousness of the crime. *See* N.T., 4/5/00, at 9 ("I think the seriousness of the offense [a]s I have indicated on many prior occasions, drug dealing is the very essence of cancer in our society.... I think it has to be dealt with severely ...."). We have stated, "it is error for the court to base its sentence on the seriousness of the crime alone." *Walls,* 846 A.2d at 160. Additionally, "[i]mposing a standardized sentence on all drug offenders is a manifest abuse of discretion. Pennsylvania has long endorsed a policy of indeterminate, individualized sentencing." *See In re R.W.,* 855 A.2d 107, 2004 WL 1627103 ¶ 6 (Pa.Super. July 21, 2004). There is nothing in the record to indicate that Whitmore received an individualized sentence tailored to him and the attendant facts of his case. Accordingly, Whitmore's sentence must be vacated. Furthermore, based on the record before us, the integrity of Whitmore's re-sentencing proceeding must be protected by ensuring that any appearance of bias is dispelled. Consequently, we order that a new trial judge be assigned to preside over Whitmore's re-sentencing proceedings. Lastly, we need not address Whitmore's ineffectiveness claims alleged in his second question as a new trial judge will preside over re-sentencing and impose a new sentence.

¶ 14 Sentence **VACATED**; Case **REMANDED** for re-sentencing proceedings consistent with this Opinion; Jurisdiction **RELINQUISHED**.