J-S82001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLYDE EARL TONKIN | |
| Appellant | No. 1462 MDA 2015 |

Appeal from the Judgment of Sentence July 20, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002577-2012

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                **FILED FEBRUARY 22, 2017**

Clyde Earl Tonkin appeals from the judgment of sentence imposed on July 20, 2015, in the Court of Common Pleas of Luzerne County following his jury trial, in absentia, on charges of statutory sexual assault, aggravated indecent assault and related charges.[1]  Tonkin received an aggregate sentence of 16 to 32 years' incarceration.  In this timely appeal,[2] Tonkin raises one issue: "Whether the trial court erred in trying [Tonkin] in absentia where there was no evidence indicating reasoning for [Tonkin's] absence and not appear[ing] at any point during the proceedings?"  Tonkin's Brief at 7.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3122.1(b) and 3125(a)(8), respectively.

[2] On May 29, 2015, Tonkin's PCRA petition was granted reinstating his direct appellate rights.

After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm.

The underlying facts of this matter are not relevant to the disposition. Therefore, we merely relate that Tonkin engaged in an ongoing sexual relationship with his 13-year-old niece by marriage, culminating in her giving birth to their child. Just prior to her giving birth, the two fled Pennsylvania, but were caught in Ohio after Tonkin's car broke down.

Tonkin was returned to Pennsylvania, at which time he was charged with the instant crimes. He was also charged with other crimes regarding six other cases, the details of which are not found in this record. Shortly before the instant trial, Tonkin was released on bail, informed of his trial date, and was told he was required to appear for trial. As a condition of bail, Tonkin was placed on house arrest and was required to wear an electronic monitor (ankle bracelet). However, on the day of trial, Tonkin cut the monitor from his leg and did not appear for trial.[3] Tonkin was apprehended three or four days after the trial, having been found hiding in some woods.[4]

_____

[3] In Pennsylvania, it was not until 1992 that a defendant could be tried in absentia if he was not present at the beginning of the trial. In announcing this rule, our Supreme Court reasoned:

> We hold that when a defendant is absent without cause at the time his trial is scheduled to begin, he may be tried in absentia, as Pa.R.Crim.P. 1117(a) contemplates.
>
> A contrary rule ... would be a travesty of justice. It would allow an accused at large upon bail to immobilize the

*(Footnote Continued Next Page)*

The law regarding trials in absentia is as follows:

The Sixth Amendment to the United States Constitution, Article I, Section 9 of the Pennsylvania Constitution and Rule 1117(a)[5] of the Pennsylvania Rules of Criminal Procedure guarantee the right of an accused to be present in court at every stage of a criminal trial. A defendant who has not been charged with a capital offense may, however, waive that right expressly or impliedly. *Commonwealth v. Ford*, 539 Pa. 85, 100-01, 650 A.2d 433, 440 (1994), *cert. denied,* 514 U.S. 1114, 115 S.Ct. 1970, 131 L.Ed.2d 859 (1995) (denying a capital defendant the right to absent himself from trial despite the defendant's assertion that his menacing appearance precluded any possibility of a fair trial).

*Commonwealth v. Tizer*, 684 A.2d 597, 602 (Pa. Super. 1996).

Additionally, Pa.R.Crim.P. 602 states, in relevant part:

The defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. The defendant's absence without cause at the time scheduled for the start of trial or during the trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence.

*(Footnote Continued)* ——————

commencement of a criminal trial and frustrate an already overtaxed judicial system until the trial date meets, if ever, with his pleasure and convenience. It would permit a defendant to play cat and mouse with the prosecution to delay the trial in an effort to discourage the appearance of prosecution witnesses.... A defendant has a right to his day in court, but he does not have the right unilaterally to select the day and hour.

*Commonwealth v. Sullens*, 619 A.2d 1349, 1352 (Pa. 1992) (citation omitted).

[4] *See* N.T. Sentencing 7/20/15, at 12-13.

[5] Now Rule 602.

Pa.R.Crim.P. 602(A).

The comment to Rule 602 states:

This rule was amended in 2013 to clarify that, upon a finding that the absence was without cause, the trial judge may conduct the trial in the defendant's absence when the defendant fails to appear without cause at the time set for trial or during trial. The burden of proving that the defendant's absence is without cause is upon the Commonwealth by a fair preponderance of the evidence. *See also* **Commonwealth v. Bond**, 693 A.2d 220, 223 (Pa. Super 1997) ("[A] defendant who is unaware of the charges against him, unaware of the establishment of the trial date or is absent involuntarily is not absent 'without cause.'").

Pa.R.Crim.P. 602, Comment (some citations omitted).

Finally,

A defendant has the absolute right to be present at all stages of the criminal proceedings against him. Pa.R.Crim.P 602(A); **Commonwealth v. Sullens**, 533 Pa. 99, 619 A.2d 1349, 1351 (1992). The trial court has the discretion to grant or deny a request for a continuance. *See,* Pa.R.Crim.P. 106(C). Such grant or denial will be reversed only on a showing of an abuse of discretion. **Commonwealth v. Ross**, 465 Pa. 421, 350 A.2d 836, 837 n.2 (1976). "Discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record." **Commonwealth v. McAleer**, 561 Pa. 129, 748 A.2d 670, 673 (2000).

**Commonwealth v. Pantano**, 836 A.2d 948, 950 (Pa. Super. 2003).

As noted above, it was the Commonwealth's burden to demonstrate Tonkin's absence was without cause. A hearing was held approximately two hours after the trial was scheduled to commence, at which, the following was disclosed:

THE COURT: Pending before the Court is a request under Rule 602 of the Pennsylvania Rules of Criminal Procedure to hold trial in absentia in this matter. We note that on January 17th of this year we had a hearing at which Mr. Tonkin was present. At which time we indicated that his jury trial would commence Monday, April 15th at nine o'clock. It's now five after eleven. Mr. Tonkin has not appeared. And we'll note that he was released last Thursday on bail?

[THE COMMONWEALTH]: Yes, Your Honor. He posted bail. And one of the conditions of that bail posting was also that he be on time for today's trial and was specifically told that it started at 9 a.m.

THE COURT: Mr. Tonkin has been notified more than once of today's trial date. Again, we're unaware of any request by him or someone calling on his behalf to continue this matter for some legitimate reason. As far as I'm concerned he is absent without any legitimate cause and we're going to proceed to trial.

[THE COMMONWEALTH]: Your Honor, if I may, I'd like to just place on the record. I did have some further information become available to me since we last left the courtroom. I contacted Courtney Smith from Smith Bail Bonds approximately 10:15. She indicated that she had just received an alert from his bracelet. She said an alert means that he has cut the bracelet off. She gave me the last location of where that had occurred which was in Pittston. The Pittston police are currently looking for him. And that occurred this morning.

THE COURT: Thank you.

[DEFENSE COUNSEL]: Your Honor, another thing is obviously the defendant[']s at a disadvantage not being present. So I would oppose the trial in absentia. Maybe he might be apprehended at a later date. I don't know that for sure.

THE COURT: He is absent by his own choice, and any disadvantage he suffers as a result of that is solely on his shoulders.

[DEFENSE COUNSEL]: I want to state also, as an officer of the Court, I did speak with him last week, Tuesday, certainly in preparation for the trial and to discuss it. And he changed his

mind. And he certainly knows that he's required to be present. Although he was incarcerated at that point he knows about the trial date, no doubt in my mind.

N.T. Pre-Trial Hearing, 4/15/2013 at 6-8.

Our review of the notes of testimony leads us to conclude that the Commonwealth demonstrated Tonkin had intentionally and voluntarily absented himself from his scheduled trial. Here, Tonkin was manifestly aware of the trial date, he had not appeared more than two hours past the scheduled commencement of trial, neither he nor any other person contacted the court to provide any reason why he was not present, and, most importantly, he intentionally removed and abandoned his electronic monitor, and that monitor was ultimately located away from his home even though he had been placed on house arrest. Based upon this evidence, the trial court reasonably concluded Tonkin had voluntarily waived his right to be present during trial. Accordingly, there was no abuse of discretion in conducting Tonkin's trial in absentia.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017

- 6 -