J-S44004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARIEN GRADY | : | |
| | : | |
| Appellant | : | No. 3063 EDA 2017 |

Appeal from the PCRA Order August 22, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011068-2009

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 03, 2018**

Darien Grady appeals from the order, entered in the Court of Common Pleas of Philadelphia County, denying his petition filed under the Post-Conviction Relief Act (PCRA).[1] After careful review, we affirm.

The trial court summarized the facts pertinent to this appeal as follows:

On May 6, 2010, [] Grady pled guilty to criminal conspiracy and possession of cocaine with intent to deliver. He was sentenced to 14 to 30 months in prison, 42 months of probation for the drug charge, and 72 months of probation for the conspiracy charge. On July 24, 2012, [] Grady was arrested again, but the case was dismissed for lack of evidence. A **Daisy Kates**[2] hearing was held

---

[1] 42 Pa.C.S. § 9541.

[2] **See Commonwealth v. Kates**, 305 A.2d 701 (Pa. 1973). A **Daisy Kates** hearing is a revocation hearing on an alleged "direct violation" of probation or parole where the alleged violation is premised upon conduct that is the subject of an open criminal case, and the hearing is held prior to defendant's trial on the new charges.

on January 11, 2013, at which [] Grady was found to have violated his probation. On May 16, 2013, [ ] Grady was sentenced to a minimum term of seven and a half years and a maximum term of 15 years in prison followed by five years of probation. On May 20, 2013, [] Grady filed a petition to vacate and reconsider the sentence, which was denied on May 30, 2013. [] Grady appealed this decision to the Superior Court of Pennsylvania, which affirmed the Court of Common Pleas' denial of reconsideration on September 26, 2014.

[] Grady then filed a timely *pro se* PCRA petition on February 2, 2015. [] Grady amended his petition multiple times until his court-appointed counsel submitted the final amended version on June 22, 2016. This final amended petition alleged that [ ] Grady's counsel[,] who appealed his motion for reconsideration to the Superior Court[,] was ineffective for failing to raise the issue of a harsh and unreasonable sentence. Although scheduled for a hearing on August 22, 201[7], [] Grady's PCRA petition was dismissed after the parties agreed that the Court could decide it [without a hearing].

Trial Court Opinion, 12/28/17, at 1-2 (internal citations and footnotes omitted).

The PCRA court dismissed Grady's petition on August 22, 2017. This timely appeal follows, in which Grady asserts that the PCRA court erred in denying relief as to his claim that counsel was ineffective for failing to challenge his "harsh and unreasonable" sentence on direct appeal.

Our scope and standard of review of decisions denying relief pursuant to the PCRA are well-settled. Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. *Commonwealth v. Chmiel*, 173 A.3d 617, 624 (Pa. 2017). Our review of questions of law is *de novo*. *Id.* at 625. Under Pennsylvania Rule of Criminal

Procedure 907, the PCRA court may dismiss a petition without a hearing if, after reviewing the petition, it is "satisfied from this review that there are no genuine issues concerning any material fact," and thus, the defendant is not entitled to relief. Pa.R.Crim.P. 907(1). When performing this review, the court must find that "the facts alleged would not, even if proven, entitle the defendant to relief[.]" **Id.** at comment.

Furthermore, when claiming ineffectiveness of counsel, the defendant bears the burden of proof. **Commonwealth v. Ligons**, 971 A.2d 1125, 1137 (Pa. 2009). Counsel is presumed to be effective and in order to overcome this presumption, a defendant must show that: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." **Id.**

Here, the PCRA court did not reach the merits of Grady's ineffectiveness claim. Rather, the court concluded that Grady's claim that his counsel was ineffective for failing to challenge the harshness of his sentence "constitutes a challenge to the discretionary aspect of his sentence, which is not cognizable in a PCRA proceeding." Trial Court Opinion, **supra** at 3. The PCRA court was incorrect. A claim regarding the discretionary aspects of a sentence is cognizable under the PCRA when it is raised in the context of an ineffectiveness claim. **Commonwealth v. Whitmore**, 860 A.2d 1032 (Pa. Super. 2004), *rev'd in part on other grounds in* **Commonwealth v.**

*Whitmore*, 912 A.2d 827 (Pa. 2006). Accordingly, we proceed to a review of Grady's claim.

Grady's ineffectiveness claim ultimately fails because he cannot demonstrate that his underlying claim – that his sentence is harsh and excessive – is meritorious.[3] It is well-settled that, "[t]he imposition of sentence following the revocation of probation 'is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal.'" *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super 2000), quoting *Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. Super. 1996). An abuse of discretion is more than a mere error of judgement. *Sierra*, *supra* at 913. Rather, for this court to find an abuse of discretion, the trial court's judgment must be manifestly unreasonable, partial, prejudiced, biased or the result of ill-will. *Id.*

Nothing in the record indicates that the trial court abused its discretion in resentencing Grady. Under Pennsylvania's Sentencing Code, a trial court must "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Once probation is revoked, "the sentencing alternatives available to

---

[3] We may affirm a lower court's decision on any basis. *Commonwealth v. Lauro*, 819 A.2d 100 (Pa. Super. 2003).

the court shall be the same as were available at the time of initial sentencing."

42 Pa.C.S.A. § 9771(b).

Section 9771 of the Sentencing Code governs the imposition of sentence following revocation of probation, in relevant part, as follows:

> (b) Revocation.—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.
>
> (c) Limitation on sentence of total confinement.—The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771.

> Moreover,
>
> [s]ection 9721, which governs sentencing generally, provides that in all cases where the court resentences an offender following revocation of probation the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. Failure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. Additionally, this Court has noted that the reasons stated for a sentence imposed should reflect the sentencing court's consideration of the criteria of the Sentencing Code, 42 Pa.C.S.A. § 9701 *et seq.*, the circumstances of the offense, and the character of the offender.

***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 185 (Pa. Super. 2016) (internal citations, quotation marks and ellipses omitted).

Here, the trial court amply set forth its reasoning for sentencing Grady as it did. Most notably, the court cited Grady's extensive history of recidivism and his apparent inability to avoid criminal conduct while under court supervision. The court stated that Grady was in "massive technical violation[]. He has 20 adult arrests, 12 convictions, five aliases, which we just went through. He's got 12 violations. He's been revoked 11 times. . . . He does abscond. He has a huge number of bench warrants." N.T. Resentencing Hearing, 5/16/13, at 15-16. The court acknowledged Grady's long-standing problems with drug addiction, but concluded that:

> [Grady has] quite a few arrests and quite a few convictions and quite a few violations. So it's obvious that probation would not be an appropriate sentence. And everything that everybody has tried with you hasn't worked. So I have to balance what your rehabilitation needs are against my duty to protect the public. I think what's been going on throughout your career is everybody has been worried about rehabilitating you and not so worried about protecting the public from someone like you, who at worst will rob, and at best will commit petty theft.

***Id.*** at 17-18.

The trial court also had the benefit of a presentence investigation report ("PSI"), which detailed Grady's repeated inability to conform to the requirements of his probation. ***Commonwealth v. Devers***, 546 A.2d 12 (Pa. 1988) (when sentencing court has benefit of PSI, we presume that court was fully apprised of Appellant's characteristics and properly weighed those

factors). The court was thus able to balance Grady's criminal history with mitigating factors, such as his drug addiction and troubled family background, and to take all of that information into account in fashioning a sentence it deemed appropriate in light of the statutory requirements.

Because the trial court did not abuse its discretion in sentencing Grady, counsel cannot be deemed ineffective for failing to raise a sentencing claim on direct appeal. Accordingly, Grady is entitled to no PCRA relief on this issue.

Nor was Grady entitled to an evidentiary hearing before the PCRA court. "A PCRA petitioner is not entitled to an evidentiary hearing as a matter of right but only where the petition presents genuine issues of material fact. A PCRA court's decision denying a claim without a hearing may only be reversed upon a finding of an abuse of discretion." *Commonwealth v. Walker*, 36 A.3d 1, 17 (Pa. 2011). As set forth above, Grady's ineffectiveness claim was meritless on its face. Accordingly, it was appropriate for the PCRA court to deny his petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/3/18

- 7 -