J-S28003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :              PENNSYLVANIA
                                           :
                   v.                          :
                                           :
                                           :
IRVIN RODRIGUEZ                    :
                                           :
                 Appellant            :     No. 5 MDA 2020

Appeal from the Judgment of Sentence Entered November 25, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0001299-2019

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                 **FILED AUGUST 07, 2020**

Irvin Rodriguez appeals from judgment of sentence of twenty-four to sixty months of imprisonment imposed following his conviction of two counts of attempted terroristic threats with the intent to terrorize another. Counsel filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm.

On August 28 and 29, 2018, while incarcerated at SCI Retreat in Luzerne County, Appellant authored two threatening emails intended for electronic transmission to a woman he identified as his girlfriend. N.T. Jury Trial, 10/1/19, at 84. The emails were intercepted by prison officials.

On June 4, 2019, Appellant was charged by criminal information with two counts of terroristic threats. 18 Pa.C.S. § 2706(a)(1). The information

was amended at the time of trial to charge criminal attempt to commit terroristic threats. On July 22, 2019 and August 28, 2019, Appellant refused to leave the prison for related proceedings.[1] Finally, at the call of the list on September 30, 2019, it was verified by the Sheriff's office that Appellant refused to leave his cell for transport to the courthouse for trial.

A trial *in absentia* commenced before a jury on October 1, 2019. Appellant's counsel was present representing his interests. The Commonwealth's case consisted of Appellant's statement that he did indeed send the emails, and the testimony of Lieutenant Thomas Serbin, a corrections officer at SCI Retreat for twenty-five years, and Pennsylvania State Police Corporal Robert Betnar.

Lieutenant Serbin works in the security office of the prison and is charged with gathering intelligence on staff, gangs, drugs, and any type of security concern within the prison. *See* N.T. Trial, 10/1/19, at 55-56. He explained that inmates are permitted to purchase tablet computers resembling an iPad, upon which they can play games. When the device is plugged into a special kiosk, the prisoner can accept and send communications to designated persons. *Id*. at 57. Part of Lieutenant Serbin's job is to review communications that are sent from the prison. He explained that the policy

---

[1] On the latter date, the trial court noted that Appellant had refused to leave his cell and directed: "should the [Appellant] refuse to be transported and be present for [his] court date, the trial will proceed in his absence" and that all requests for continuance had to be made in writing ten days prior to the trial term. No motions were filed seeking a continuance of the October 1, 2019 trial date.

at that institution with regard to emails provides that electronic communications can be viewed by staff members and are required to be reviewed by both the mailroom and the security office.

Commonwealth Exhibits 1 and 2 were emails sent on August 28 and 29, 2018, respectively, that were flagged by the mailroom and sent to Lieutenant Serbins's unit for investigation. They were addressed to Mariluz Padilla, a woman the corrections officer believed to be Appellant's girlfriend. Lieutenant Serbin testified that he believed the emails contained a threat of violence. *Id*. at 60. The first email stated: "I'm not going to kill you or anything like that. But I will look forward to either put you on a chair or blow one of your knees off." *Id*. at 62. In the second email, Appellant wrote "Just know that when I get out I will blow your face off." *Id*. at 64. The latter email also contained a notation in Spanish that was translated as meaning, "Every piglet gets its Christmas." *Id*. at 85. In accordance with prison policy, Lieutenant Serbin forwarded the emails to the Pennsylvania State Police. *Id*. The emails were not transmitted by Appellant to Ms. Padilla, the intended recipient.[2]

Several weeks later, Lieutenant Serbin met with Corporal Betnar, a twenty-one year veteran of the Pennsylvania State Police. Corporal Betnar testified that when he met with the corrections officer he reviewed the emails. Corporal Betnar then interviewed Appellant on September 24, 2018. Appellant was willing to speak with the trooper, and after being informed of

---

[2] Corporal Betnar testified that the contents of the emails were shared with Ms. Pedilla during the course of the investigation.

his **Miranda** rights, he executed a Rights Warning and Waiver document. Commonwealth's Exhibit 4. After reviewing the emails, Appellant admitted to the trooper that he sent them to Ms. Padilla. **Id**. at 84.

It was the Commonwealth's position at trial that when Appellant typed out the emails and hit the send button intending to threaten the victim, he committed an attempt to commit the crime of terroristic threats. The jury found Appellant guilty of both counts. On November 25, 2019, after the Sheriff reported that Appellant refused to leave his cell for his scheduled sentencing, the trial court sentenced him *in absentia* to an aggregate sentence of twenty-four to sixty months of imprisonment to run consecutive to any sentence Appellant was currently serving. No post-sentence motion was filed.

Appellant filed a timely appeal and complied with the trial court's Pa.R.A.P. 1925(b) order. The trial court penned its Rule 1925(a) opinion, and the matter is ripe for our review. Appellant's counsel now files a petition to withdraw and an accompanying **Anders** brief, contending that there are no non-frivolous issues to be reviewed. Counsel addresses the one issue presented in the Rule 1925(b) concise statement of errors complained of on appeal: "Is the Appellant entitled to a new trial where the record fails to disclose or reflect that he voluntarily waived his right to be present at trial and that his absence was "without cause" thereby depriving him of his federal constitutional right (U.S.Const. VI Amend.) to be present at all critical stages of the proceedings?" **Anders** brief at 2. Counsel identifies and addresses two additional issues that he has determined are wholly frivolous: that the

- 4 -

evidence was insufficient to sustain the convictions for attempt to commit terroristic threats, and a challenge to the discretionary aspects of sentence.

As we do not address the merits of issues raised on appeal without first reviewing a request to withdraw, we turn at the outset to counsel's petition to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). Procedurally, in order to seek withdrawal, counsel must: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the **Anders** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. **Id**.

Robert M. Buttner, Esquire represents in his petition to withdraw that he made a conscientious review of the record and concluded "this appeal is devoid of any non-frivolous issues." Application to Withdraw, 4/22/20, at ¶10. Counsel also notified Appellant that he was withdrawing, furnished him with copies of both the application to withdraw and **Anders** brief, and attached a copy of his correspondence with Appellant to his application as Exhibit A. In that correspondence, counsel advised Appellant that he could retain private counsel. Although he did not expressly advise Appellant that he could proceed *pro se*, he did advise Appellant that he could "file a brief raising any issues you deem worthy of the Court's attention". Application to Withdraw, 4/22/20, Exhibit A, at 1. We find that Appellant has substantially complied with the procedural mandates of **Anders**.

We next consider whether counsel's **Anders** brief meets the substantive requirements of **Santiago**, mandating that such a brief

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

Our review of the **Anders** brief confirms that counsel sets forth the factual and procedural background of this case. He provides reasons and legal authority as to why he concluded that Appellant's appeal is wholly frivolous. Counsel outlines the relevant law regarding trial *in absentia*, sufficiency of the evidence, and discretionary sentencing claims, and addresses those claims.

Accordingly, we proceed to the merits of this appeal and our own independent review of the entire record. **See Anders**, **supra** at 744 ("the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous."); **Commonwealth v. Harden**, 103 A.3d 107, 111 (Pa.Super. 2014) ("We now must conduct an independent review of the record to determine whether the issues identified by Harden in this appeal are, as counsel claims, wholly frivolous, or if there are any other meritorious issues present in this case.").

Counsel identifies three issues that arguably support this appeal: (1) Appellant's Sixth Amendment rights were violated by the trial *in absentia*, (2)

the evidence was insufficient to support the convictions for attempted terroristic threats, and (3) a challenge to discretionary aspects of sentence. Counsel begins by accurately noting that the Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const., amend. VI. The accused has a right to be present at trial unless he voluntarily and knowingly waives that right. *Commonwealth v. Diehl*, 107 A.2d 543, 544 (Pa. 1954); *see also* Pa.R.Crim.P. 602(A).

Appellant argues that additional steps could have been taken to permit him to be present at trial, such as video teleconferencing. He alleges that the trial court's failure to employ such alternatives constituted an abuse of discretion and resulted in a violation of his constitutional rights. Counsel concludes, however, that this issue was not preserved for appeal as trial counsel did not object to proceeding *in absentia*, file a motion for continuance, or seek to participate via teleconference. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Moreover, even if not waived for failure to object below, counsel argues that Appellant waived his right to be present at trial when he refused to attend.

It is within the discretion of the trial court to proceed to trial with the defendant *in absentia*. **Commonwealth v. Wilson**, 712 A.2d 735, 739 (Pa. 1998). "Discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record." **Commonwealth v. Pantano**, 836 A.2d 948, 950 (Pa.Super. 2003) (citation omitted).

While a defendant has the right to be present at trial, the right is not absolute, and can be waived if a defendant either expressly or implicitly does so. **Commonwealth v. Kelly**, 78 A.3d 1136, 1141 (Pa.Super. 2013). As this Court held in **Kelly**, "absenting oneself from . . . trial does not violate a person's jury trial rights." **Id**. at 1143. Additionally, Rule 602(A) provides that "[t]he defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial." Pa.R.Crim.P. 602(A). The Commonwealth bears the burden of proving by a preponderance of the evidence that a defendant was absent without cause. **Kelly**, **supra** at 1143. In determining whether cause exists, we generally examine whether a defendant was aware of the charges, the trial date, or was absent involuntarily. **Id**. Where a defendant voluntarily refuses to remain in contact with his counsel, there is a presumption that he "knowingly sought to avoid being tried." **Id**.

The record reveals that Appellant refused to appear in court on two occasions prior to September 30, 2019, when his case was called for trial. In

each instance, he refused to leave his cell. On September 30, 2019, the trial court verified his refusal with the Luzerne County Sheriff's Department. **See** N.T. Call of the List, 9/30/19, at 4-5. Defense counsel stated that her last contact with Appellant was at the preliminary hearing via videoconference. **Id**. at 4. She added that Appellant had "been refusing to have contact with me or with anybody for quite a while." **Id**. When trial *in absentia* convened on October 1, 2019, defense counsel did not object to the proceeding or seek a continuance.

The trial court stated that it "considered all relevant circumstances prior to proceeding with the trial *in absentia*, [including] the likelihood [Appellant] would cooperate and appear if trial were to be again rescheduled." Trial Court Opinion, 3/5/20, at 4. It concluded, that Appellant, "by his repeated and clear actions, waived his right to appear at his trial," citing **Commonwealth v. Smith**, 181 A.3d 1168, 1175 (Pa.Super. 2018) (holding "Citizens can waive their fundamental rights in the absence of a colloquy; indeed, waivers can occur by conduct or implication, as in the case of a criminal trial conducted in absentia after the defendant fails to appear."). **Id**.

Based on the record before us, we concur with counsel's assessment that Appellant's claim that the trial court abused its discretion in conducting the trial *in absentia* and violated his Sixth Amendment rights is wholly frivolous.

Counsel contends that any argument that the evidence was legally insufficient to sustain the convictions is similarly wholly lacking in merit. After

properly stating our standard of review of a sufficiency claim, counsel maintains that the facts of record, viewed in the light most favorable to the Commonwealth, support a finding that Appellant's sending of the emails addressed to the victim constituted a substantial step in communicating the threats contained therein and committing the offense of terroristic threats.

In order to establish the crime of terroristic threats, the statute requires proof that the accused "communicates, either directly or indirectly, a threat to: (1) commit any crime of violence with intent to terrorize another." 18 Pa.C.S. § 2706(a)(1). The communication must be received by the intended victim. *Commonwealth v. Vergilio*, 103 A.3d 831 (Pa.Super. 2014). Under the Crimes Code, "[a] person commits an attempt when with intent to commit a specific crime, he does any act which constitutes a substantial step towards the commission of the crime." 18 Pa.C.S. § 901(a).

The record confirms counsel's dim view of the success of a sufficiency claim. The Commonwealth presented evidence that Appellant sent the victim emails that contained language that could reasonably be viewed as a threat of violence with the intent to terrorize her. Since the emails were intercepted, however, they were not communicated to the victim by Appellant, as required to support a conviction of terroristic threats. However, by presenting evidence that Appellant pressed the send button, which the jury could reasonably find constituted a substantial step toward the commission of the crime of terroristic threats, the Commonwealth established that he attempted to commit that crime. This claim has no arguable merit.

- 10 -

Finally, counsel argues that the only other possible issue is a challenge to the discretionary aspects of sentence. However, since no objection was made at sentencing to the standard-range sentence imposed, and Appellant did not file a post-sentence motion, counsel contends the issue is waived. *See Cartrette*, *supra* at 1042 (providing that to adequately preserve a discretionary sentencing claim, the defendant must present the issue in either a post-sentence motion, or raise the claim during the sentencing proceedings). The record supports counsel's belief that any discretionary sentencing claim is waived since no post-sentence motion was filed.

For the foregoing reasons, we agree that the identified claims are wholly frivolous. After a thorough examination of the proceedings below as required under *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa.Super. 2015), our review did not reveal any other arguably meritorious claims. *Commonwealth v. Dempster*, 187 A.3d 266, 273 (Pa.Super. 2018) (*en banc*). Hence, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition of Robert M. Buttner, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/07/2020