J-S32045-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON LEE HUMPHREY | : | |
| | : | |
| Appellant | : | No. 162 WDA 2021 |

Appeal from the PCRA Order Entered January 19, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010147-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON HUMPHREY | : | |
| | : | |
| Appellant | : | No. 163 WDA 2021 |

Appeal from the PCRA Order Entered January 19, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010215-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON HUMPHREY | : | |
| | : | |
| Appellant | : | No. 164 WDA 2021 |

Appeal from the PCRA Order Entered January 19, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000762-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON HUMPHREY | : | |
| | : | |
| Appellant | : | No. 165 WDA 2021 |

Appeal from the PCRA Order Entered January 19, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009943-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON HUMPHREY | : | |
| | : | |
| Appellant | : | No. 166 WDA 2021 |

Appeal from the PCRA Order Entered January 19, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0010568-2019

- 2 -

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRANDON LEE HUMPHREY :
:
Appellant : No. 167 WDA 2021

Appeal from the PCRA Order Entered January 19, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0009884-2019

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRANDON HUMPHREY :
:
Appellant : No. 168 WDA 2021

Appeal from the PCRA Order Entered January 19, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0010214-2019

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRANDON LEE HUMPHREY :
:
Appellant : No. 169 WDA 2021

J-S32045-21

Appeal from the PCRA Order Entered January 19, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0000237-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON HUMPHREY | : | |
| | : | |
| Appellant | : | No. 170 WDA 2021 |

Appeal from the PCRA Order Entered January 19, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009813-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON HUMPHREY | : | |
| | : | |
| Appellant | : | No. 219 WDA 2021 |

Appeal from the PCRA Order Entered January 19, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0009942-2019

BEFORE: LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED: DECEMBER 7, 2021**

Brandon Humphrey ("Humphrey") appeals from the Orders denying his

Petitions for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]

We affirm.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

- 4 -

In its Opinion, the PCRA court summarized the history underlying the instant appeal, as follows:

[] Humphrey appeared before [the trial court] on February 14, 2020[,] and entered into a negotiated guilty plea at 10 cases[:] 2019-00237 [("No. 237")]; 2019-00762 [("No. 762")]; 2019-09942 [("No. 9942")]; 2019-09943 [("No. 9943")]; 2019-09813 [("No. 9813")]; 2019-09884 [("No. 9884")]; 2019-10568 [("No. 10568")]; 2019-10147 [("No. 10147")]; 2019-10214 [("No. 10214")]; and 2019-10215 [("No. 10215")]. Following a lengthy and full, written and oral colloquy, [the trial court] accepted [Humphrey's] plea agreement[,] finding that it was voluntarily, knowingly[,] and intelligently made. [Humphrey] pled guilty to the 10 [c]ases as follows:

[**No. 762**: Humphrey] pled guilty to Count 2, Carrying a Firearm Without a License[, ***see*** 18 Pa.C.S.A. § 6106(a)(1)]; Count 3: Persons Not to Possess a Firearm[, ***see id.*** § 6105(a)(1)]; Count 4: Possession of a Controlled Substance[, ***see*** 35 P.S. § 780-113(a)(16)]; and the Commonwealth withdrew the remaining counts.

[**No. 9884**: Humphrey] pled guilty to Count 2: Receiving Stolen Property, [***see*** 18 Pa.C.S.A. § 3925(a)]; and the Commonwealth withdrew the remaining counts.

[**No. 9943**: Humphrey] entered into a general plea at one count of Escape[, ***see id.***, § 5121(a)].

[**No. 10215**: Humphrey] pled guilty to Count 2: Receiving Stolen Property, and the Commonwealth withdrew the remaining counts.

[**No. 9942**: Humphrey] pled guilty to Count 2: Access Device Fraud[, ***see id.*** § 4106(a)(1)]; and the Commonwealth withdrew the remaining counts.

[**No. 9813**: Humphrey] pled guilty to Count 3: Theft by Unlawful Taking-Movable Property[, ***see id.*** § 3921(a)]; and the Commonwealth withdrew the remaining counts.

[**No. 10214**: Humphrey] pled guilty to Count 1: Access Device Fraud; and the Commonwealth withdrew the remaining counts.

[**No. 10568**: Humphrey] pled guilty to Count 1:  Access Device Fraud; and the Commonwealth withdrew the remaining counts.

[**No. 10147**:  Humphrey] pled guilty to Count 2:  Theft By Unlawful Taking-Movable Property; and the Commonwealth withdrew the remaining counts.

[**No. 237**:  Humphrey] pled guilty to Count 3:  Access Device Fraud; and the Commonwealth withdrew the remaining counts.

There was no negotiated plea agreement with respect to the sentence at [No. 762].  However, the Commonwealth requested that all other sentences be imposed concurrently to the sentence imposed [at No. 762].  During the sentencing hearing, [Humphrey's] plea attorney[, Adam Reynolds, Esquire ("Attorney Reynolds"),] requested that [Humphrey] be sentenced to 2-4 years with permission to enroll in Motivation[al] Boot Camp. Additionally, Attorney Reynolds requested that the Commonwealth waive a juvenile adjudication for robbery, as it is a disqualifier for the Motivation[al] Boot Camp program, which the Commonwealth and [trial court] agreed to do.  [The trial court sentenced Humphrey to a prison term of 2-4 years for his conviction at No. 762.  The trial court imposed prison terms of 2-4 years at each of the remaining case numbers.]

*      *      *

[The trial court] ordered that all sentences run concurrent to each other and included credit for time served.  [Humphrey] received an aggregate sentence of two (2) to four (4) years of imprisonment, which is a sentence that makes him statutorily eligible for Motivation[al] Boot Camp.  Furthermore, the [trial court] gave [Humphrey] permission to participate in Motivation[al] Boot Camp.

[Humphrey] filed no [p]ost-[s]entencing [m]otions and no [d]irect [a]ppeal.  On July 21, 2020, [Humphrey] filed a *pro se* PCRA Petition[s,] and PCRA [c]ounsel was appointed on August 11, 2020. On November 11, 2020, [Humphrey] filed his Amended PCRA Petition.  On December 18, 2020, the Commonwealth filed [its] Answer to [Humphrey's] PCRA Petition.  On December 28, 2020, the [PCRA court] filed a [Pa.R.Crim.P. 907] Notice of Intent to Dismiss [Humphrey's] PCRA Petition.  On December 30, 2020, [Humphrey] filed Objections to [the] Notice to Dismiss, and on[]

- 6 -

January 19, 2021, [the PCRA court] dismissed [Humphrey's] PCRA Petition. [Humphrey] filed [timely Notices of Appeal at each docket number,] and on February 11, 2021, [Humphrey] filed his Concise Statement[s] of Matters Complained of on Appeal. [**See** Pa.R.A.P. 1925(b).]

PCRA Court Opinion, 4/27/21, at 1-4 (emphasis in original, bulleted designations omitted). On May 5, 2015, this Court consolidated Humphrey's appeals for review.

On appeal, Humphrey presents the following claims for our review:

I.    [Whether] the PCRA court erred in dismissing the Petition[,] where trial counsel was ineffective for advising Humphrey to enter a guilty plea and suggesting he would receive Boot Camp, when the escape charge automatically disqualified him from Boot Camp, thereby rendering the guilty plea invalid and establishing post-sentence manifest injustice to permit Humphrey to withdraw his plea[?]

II.   [Whether] the PCRA court erred in dismissing the Petition[,] where trial counsel was ineffective for failing to file post-sentence motions and/or a direct appeal to modify the sentence, where the sentence imposed was unreasonably harsh and lengthy[?]

Brief for Appellant at 6 (some capitalization altered).

We review an order denying PCRA relief to determine whether the record supports the PCRA court's findings of fact, and whether its decision is free of legal error. **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015). We view the evidence of record in a light most favorable to the prevailing party. **Id.** The PCRA court's credibility determinations, when supported by the record, are binding on this Court. **Id.** We review the PCRA court's legal conclusions *de novo.* **Id.** We further observe that this Court may affirm a

- 7 -

valid judgment or order for any reason appearing of record. ***Commonwealth v. Montalvo***, 205 A.3d 274, 286 (Pa. 2019)

Humphrey first claims that his plea counsel rendered ineffective assistance by advising him to plead guilty, "and suggesting he would receive Boot Camp[,]" when his escape charge disqualified him from Boot Camp. Brief for Appellant at 18. Humphrey claims that his disqualification from Boot Camp rendered his guilty plea invalid, thereby establishing the manifest injustice necessary for him to withdraw his plea. ***Id.*** Humphrey argues that,

> [w]here [he] was very focused on receiving Boot Camp and proceeded to enter a guilty plea to 10 cases believing he would be eligible for Boot Camp, there is absolutely no reasonable basis for trial counsel's incorrect advice that he would be eligible for Boot Camp without revealing to Humphrey that the [Department of Corrections ("DOC")] has their own requirements and determines who will be admitted into the program….

***Id.*** at 19. According to Humphrey, he suffered prejudice by relying on his counsel's advice. ***Id.*** at 19-20. Humphrey further points out that the trial court did not mention the role of the DOC in its colloquy. ***Id.*** at 22. Humphrey states that his plea counsel admitted to advising Humphrey that he would be eligible for Boot Camp, but did not discuss other factors that the DOC would consider in determining Humphrey's eligibility. ***Id.*** at 23. Consequently, Humphrey asks that this Court reverse the PCRA court's Order, and remand so that he may withdraw his guilty plea. ***Id.*** at 24.

To establish a claim of ineffective assistance of counsel, a defendant "must show, by a preponderance of the evidence, ineffective assistance of

counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Turetsky***, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted). The burden is on the defendant to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Id.*** (citation omitted); ***see also Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009) (recognizing that "[a] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." (citation omitted)).

> This Court has explained that,
>
> [i]n order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

***Commonwealth. v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). However,

> a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the

- 9 -

statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy …. [A] defendant who elects to plead guilty has a duty to answer questions truthfully.

**Id.**

"A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilt." **Commonwealth v. Kersteter**, 877 A.2d 466, 467 (Pa. Super. 2005). If plea counsel misapprehends the consequences of a plea and therefore misleads the client, counsel renders ineffective assistance. **Commonwealth v. Barndt**, 74 A.3d 185, 196 (Pa. Super. 2013).

In its Opinion, the PCRA court concluded that Humphrey's claim lacks arguable merit, because Humphrey's sentences made him statutorily eligible for Motivational Boot Camp. **See** PCRA Court Opinion, 4/27/21, at 8. In so holding, the PCRA court quoted and applied this Court's decision in **Commonwealth v. Johnson**, 868 A.2d 1278 (Pa. Super. 2005). **See** PCRA Court Opinion, 4/27/21, at 8. In **Johnson**, this Court rejected an ineffectiveness claim based upon a defendant's disqualification for Motivational Boot Camp:

> The Motivational Boot Camp Act provides, *inter alia*, that the sentencing judge, in selecting inmates who are eligible for participation in this "alternative method" of incarceration "shall have the discretion to exclude a defendant from eligibility if the judge determines that the defendant would be inappropriate for placement in a motivational boot camp." 61 P.S. § 1124(b). Here, the sentencing judge found [the defendant] to be eligible for placement in Boot Camp. … If an inmate is deemed eligible by a judge, however, the inmate must still be approved by the

- 10 -

> "motivational boot camp selection committee" before he will be permitted to participate in the program. 61 P.S. § 1126(b). Thus, the Motivational Boot Camp Act makes clear that, after a common pleas court judge rules a defendant eligible for the Boot Camp program, it is within the Boot Camp Committee's discretion to accept or reject a defendant for the Boot Camp Program. *See* 61 P.S. § 1126(b). Ultimately, [the defendant] was not placed in the Boot Camp program, but neither [defendant's] plea counsel nor the sentencing judge could have anticipated that decision. [The defendant's] plea counsel did not, therefore, render ineffective assistance in advising Appellant concerning his eligibility for Boot Camp under the Boot Camp Act.

*Id.* at 1282 (some citations omitted). Unlike in ***Humphrey***, our review of the record discloses that, in the instant case, eligibility for Motivational Boot Camp was not a part of Humphrey's plea agreement.

At the guilty plea hearing, the Commonwealth expressly agreed to run all sentences at all docket numbers concurrent to each other, as part of Humphrey's plea agreement. N.T., 2/14/20, at 5. However, the Commonwealth indicated that, in exchange for Humphrey's guilty plea to the firearms offense at No. 762, "the Commonwealth would move to withdraw the remaining counts **with sentencing left up to this Honorable Court**." *Id.* at 3 (emphasis added). After the Commonwealth set forth, on the record, the plea agreement with respect to the offenses at the remaining docket numbers, the prosecutor stated the following:

> [The Commonwealth:] … Your Honor, all of them, except for that very first case, the Commonwealth would agree to run all of these sentences concurrently to that sentence.
>
> THE COURT: Run that by me one more time.

[The Commonwealth:] … [T]he sentence was left up to the [c]ourt on that very first count with the gun charge.

THE COURT:  Okay.  That's at [No.] 762[,] correct?

[The Commonwealth:]  Yes.  And then we would agree to have any other sentence run concurrently with that.

THE COURT:  So you want the gun charge to run consecutively?

[The Commonwealth:]  No.  Just whatever you sentence and then run everything with it.  We don't – we just want them to run all together, **but we can't agree to a sentence on that one charge.**  Does that make sense?

….

THE COURT:  … All right.  [Attorney Reynolds], is that your understanding of the plea agreements at all these cases?

[Attorney Reynolds:]  Yes, Your Honor, it surely is.

*Id.* at 5-6 (emphasis added).

During the plea colloquy, Humphrey acknowledged that Attorney Reynolds? had reviewed all of the charges, and the maximum and minimum penalties associated with the charges to which he tendered his guilty plea. *Id.* at 8.  As part of his plea colloquy, Humphrey was asked whether "anyone promised you anything in return for all these guilty pleas, other than the Commonwealth of Pennsylvania?" *Id.* at 15.  Humphrey responded, "No, sir." *Id.*

Following the acceptance of the plea, Humphrey waived his right to a presentence investigation, and proceeded immediately to sentencing. *Id.*  At

- 12 -

sentencing, Attorney Reynolds addressed the trial court, in relevant part, as follows:

> [Attorney Reynolds:] ... Your Honor, [Humphrey] has taken responsibility for his actions that brought him here today. Your Honor, he has never been incarcerated before this incident for any length of time.
>
> **I would ask for you to consider giving him the opportunity to perform [Motivational] Boot Camp.** I would ask for two to four years with a Boot Camp recommendation. He does have a juvenile adjudication for a robbery. That should not be a disqualifier because it was an adjudication and not a conviction. However, I would ask the Commonwealth and the district attorney … and this Honorable Court that if that were to be a disqualifier, that that disqualification would be waived for the purpose of this Boot Camp.

*Id.* at 17 (emphasis added). The Commonwealth and the trial court did not object to waiver of the adjudication. *Id.* at 18. Further, the trial court subsequently complied with Attorney Reynolds's request not to impose a sentence for Humphrey's conviction of Access Device Fraud, as a sentence on that charge would render Humphrey statutorily ineligible for Motivational Boot Camp. *Id.* at 23.

Thus, the record does not support Humphrey's claim that counsel's alleged misunderstanding or misrepresentation regarding Motivational Boot Camp eligibility caused Humphrey to tender an unknowing or involuntary plea. *See*, *contra*, *Kersteter*, 877 A.2d at 470 (wherein a defendant obtained collateral relief where he was promised boot camp under the *express terms* of a plea agreement and then did not receive it). The guilty plea colloquy made it clear that the parties had no agreement regarding Motivational Boot Camp

- 13 -

eligibility as part of Humphrey's plea deal. In fact, the colloquy confirmed that the parties had no agreement regarding Humphrey's sentence for his convictions at No. 762. **See** N.T., 2/14/20, at 5-6. In addition, Humphrey denied under oath being promised anything in exchange for his plea. **Id.** at 15. As such, we cannot conclude that there is arguable merit to Humphrey's ineffectiveness claim regarding his Motivational Boot Camp eligibility. **See Daniels**, 963 A.2d at 419 (recognizing that "[a] failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." (citation omitted)). Consequently, Humphrey's first claim fails.

In his second claim, Humphrey argues that the PCRA court improperly dismissed his Petition, where counsel had rendered ineffective assistance by failing to preserve a challenge to the discretionary aspects of his sentence. Brief for Appellant at 26. Our Court has held that claims implicating the discretionary aspects of sentencing, raised in the context of an ineffectiveness claim, are cognizable under the PCRA. **Commonwealth v. Whitmore**, 860 A.2d 1032, 1036 (Pa. Super. 2004), **reversed in part on other grounds**, 912 A.2d 827 (Pa. 2006) (stating that "a claim that counsel was ineffective for failing to perfect a challenge to the discretionary aspects of sentencing is cognizable under the PCRA." (citations omitted)); **Commonwealth v. Watson**, 835 A.2d 786, 801 (Pa. Super. 2003) (explaining that "a claim regarding the discretionary aspects of [the defendant's] sentence, raised in

the context of an ineffectiveness claim, would be cognizable under the PCRA[.]").

"A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." **Commonwealth v. Grays**, 167 A.3d 793, 815 (Pa. Super. 2017). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." **Id.** We conduct this four-part test to determine

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b).

**Grays**, 167 A.3d at 815-16 (citation omitted).

A discretionary aspects of sentencing claim must be preserved either at sentencing or in a post-sentence motion before the trial court. **Commonwealth v. Baker**, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). With respect to a claim of ineffective assistance of counsel regarding the failure to file post-sentence motions, our Supreme Court has concluded that "counsel's failure to file post-sentence motions [does] not fall within the narrow ambit of ineffectiveness claims requiring no finding of prejudice." **Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa. Super. 2011). Thus, in order to obtain relief on his ineffectiveness claim, an appellant

must demonstrate that his sentence was excessive such that counsel may be deemed ineffective in failing to file the post-sentence motion. *Id.*

Humphrey has included the required Pa.R.A.P. 2119(f) Statement in his brief. Accordingly, we next determine whether Humphrey has presented a substantial question that his sentence is not appropriate under the Sentencing Code. *See Grays*, *supra*. "An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code[,] or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (internal citations omitted).

In his Rule 2119(f) Statement, Humphreys asserts that the trial court imposed a sentence of total confinement, which was "unduly excessive and harsh." Brief for Appellant at 9. According to Humphrey, the trial court improperly focused solely on the seriousness of the crime, without consideration of "his unique circumstances and rehabilitative needs." *Id.* Humphrey further asserts that the trial court improperly imposed a sentence of total confinement, without the benefit of a presentence investigation report. *Id.*

A substantial question exists where there is an allegation that the sentencing court failed to consider the factors set forth in 42 Pa.C.S.A. § 9721(b), which includes a consideration of the defendant's rehabilitative

needs. *See Commonwealth v. Serrano*, 150 A.3d 470, 473 (Pa. Super. 2016) (finding a substantial question where the appellant claimed the trial court failed to consider his individualized needs); *Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011) (finding a substantial question where the appellant argued the trial court focused on the seriousness of the offense, did not consider his rehabilitative needs, and evinced a "fixed purpose of keeping [the appellant] in jail for his life"). Thus, Humphrey has presented a substantial question for our review. *See id.* Accordingly, we will consider his discretionary aspects of sentencing challenge, in the context of his ineffectiveness claim.

Humphrey asserts that his sentence is excessive because it was intended to make him eligible for the Motivational Boot Camp Program. Brief for Appellant at 31. Humphrey argues that, because his escape conviction disqualified him for Motivational Boot Camp, his state sentence of two to four years is excessive. *Id.* Humphrey further argues that his sentence was manifestly unreasonable, because he had spared the Commonwealth "the task of putting forth evidence and establishing their cases[,] because he accepted responsibility for his actions." *Id.* at 32. Humphrey also asserts that the trial court improperly failed to consider his drug addiction and mental health disorders. *Id.* Finally, Humphrey argues that the trial court improperly based its sentence on the seriousness of the underlying offense. *Id.* at 33.

Contrary to Humphrey's claim, our review of the record discloses that the trial court considered Humphrey's mental health disorders, his unique circumstances and rehabilitative needs when imposing its sentence. **See** N.T., 2/14/20, at 15-17 (wherein at the sentencing hearing, Attorney Reynolds detailed Humphrey's drug addiction and mental disorders), 21 (wherein the trial court imposed no further penalty at No. 9943, to allow Humphrey to be statutorily eligible for Motivational Boot Camp). Further, our review discloses that the trial court imposed the sentence *requested* by his counsel. **See id.** at 20 (wherein the trial court sentenced Humphrey in accordance with the request of his counsel).

Regarding Humphrey's claim that the trial court sentenced him without the benefit of a presentence investigation report, we observe that the trial court proceeded immediately to sentencing, at Humphrey's request. **See id.** at 15.

Our review also discloses that the record reflects no agreement or understanding by the Commonwealth or Humphrey regarding the length of Humphrey's sentences, only that all sentences would run concurrent to his sentence at No. 762. **See** N.T., 2/14/20, at 5-6 (wherein the Commonwealth stated on the record that the parties could reach no agreement as to the sentence at No. 762, only that all other sentences would be imposed concurrent to that sentence). At No. 762, for his conviction of carrying a firearm without a license, the trial court imposed a sentence of 24-48 months,

which is below the standard guidelines range of 42 to 84 months for that offense. "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) (citation omitted). All other sentences were imposed concurrently with Humphrey's sentence at No. 762. Thus, Humphrey's challenge to his sentence as excessive lacks merit.

Because there is no arguable merit to Humphrey's underlying sentencing challenge, his claim of ineffective assistance of counsel claim fails. *See Turetsky*, 925 A.2d at 880; *see also Daniels*, 963 A.2d at 419. We therefore affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/7/2021

- 19 -