J-S10023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RALPH CLAYTON BEST | : | |
| | : | |
| Appellant | : | No. 430 WDA 2023 |

Appeal from the Judgment of Sentence Entered February 15, 2023
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s): CP-17-CR-0000606-2021

BEFORE: OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY KING, J.:                    **FILED: JULY 15, 2024**

Appellant, Ralph Clayton Best, appeals from the judgment of sentence entered in the Clearfield County Court of Common Pleas, following his jury trial convictions for simple assault, recklessly endangering another person ("REAP"), terroristic threats, and persons not to possess firearms.[1] We affirm.

The relevant facts and procedural history of this appeal are as follows. On June 9, 2021, Appellant went to the home of his girlfriend ("Victim") and accused her of infidelity. An argument ensued. During the argument, Appellant and Victim struggled over a firearm. The firearm discharged, and a bullet struck Appellant in the leg. On June 16, 2021, the Commonwealth filed a criminal complaint charging Appellant with multiple offenses, including

_____

[1] 18 Pa.C.S.A. §§ 2701, 2705, 2706, and 6105, respectively.

terroristic threats, REAP, and persons not to possess firearms.

The matter proceeded to trial, and jury selection commenced on April 7, 2022. On April 8, 2022, Appellant filed a motion for severance of offenses. In it, Appellant asked to proceed on the firearms offense at a separate jury trial. On April 14, 2022, the court granted the severance motion and scheduled a date for the trial on the firearms offense ("the second trial"). Ultimately, Appellant's first trial resumed on June 1, 2022. At the conclusion of the first trial, the jury convicted Appellant of terroristic threats, REAP, and simple assault. The court scheduled a sentencing hearing for July 27, 2022. Appellant, however, failed to appear at the sentencing hearing. As a result, the court issued a bench warrant.

On August 10, 2022, the Commonwealth filed a motion to conduct the second trial *in absentia*. The Commonwealth noted that Appellant's second trial was set to commence on August 16, 2022, but Appellant remained missing. The Commonwealth argued that Appellant received notice of the date for his second trial, but he did not advise the court that he would be absent. Under these circumstances, the Commonwealth asserted that Appellant had no valid reason for his absence, and any failure to appear at the second trial would be knowing, voluntary, and intelligent. (**See** Motion for Trial *In Absentia*, filed 8/10/22, at ¶¶11-13). The next day, the court granted the Commonwealth's motion.

Appellant's second trial commenced on August 16, 2022. Prior to the

- 2 -

jury entering the courtroom, defense counsel made an oral motion for a continuance due to Appellant's absence. (*See* N.T. Second Trial, 8/16/22, at 8-9). Defense counsel argued that conducting trial without Appellant would result in prejudice. The court, however, found that Appellant voluntarily failed to appear. Thus, the court denied Appellant's request for a continuance and proceeded with the second trial. During the second trial, defense counsel moved for a mistrial on multiple occasions due to certain witnesses' testimony about Appellant's prior criminal conduct. The court denied these mistrial motions, and the jury later found Appellant guilty of persons not to possess firearms.

After the second trial, law enforcement apprehended Appellant in Oklahoma and returned him to Pennsylvania. On February 15, 2023, the court conducted a sentencing hearing for Appellant's convictions from both trials. At the conclusion of the hearing, the court sentenced Appellant to an aggregate term of six (6) to twelve (12) years' imprisonment, followed by one (1) year of reentry probation. The Commonwealth timely filed a post-sentence motion on February 23, 2023. In it, the Commonwealth requested that the court impose a greater sentence in accordance with the recommendation contained in the pre-sentence investigation report. On March 15, 2023, the court denied the Commonwealth's post-sentence motion.

Appellant timely filed a notice of appeal on April 12, 2023. That same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement

of errors complained of on appeal. Appellant subsequently complied.

Appellant now raises the following issues for our review:

> Whether the [trial court] erred when, on August 10, 2022, it granted the Commonwealth's motion for trial in *absentia*, and subsequently denied the defense motion for a continuance of the trial on August 16, 2022?
>
> Whether the trial court erred when, on August 16, 2022, it denied defense requests for a mistrial when the Commonwealth called several witnesses that gave prejudicial statements regarding [Appellant's] prior cases and bail status?

(Appellant's Brief at 7).

In his first issue, Appellant argues that the court granted the Commonwealth's motion for trial *in absentia* based on mere speculation that Appellant would not appear. Appellant emphasizes that the court did not conduct a hearing on the Commonwealth's motion, and the court granted the motion only six days before the start of the second trial. Appellant insists that the Commonwealth based its motion on nothing more than Appellant's failure to appear for the original sentencing hearing scheduled for July 27, 2022. Appellant contends that it was unreasonable for the court to permit a trial *in absentia* on this basis. Rather, the court should have simply issued a bench warrant and postponed the trial until after Appellant's apprehension. Based upon the foregoing, Appellant concludes that the court should have granted his motion for a continuance instead of granting the Commonwealth's motion for trial *in absentia*. We disagree.

The following principles govern this Court's review of the denial of a

continuance motion:

> The trial court has the discretion to grant or deny a request for a continuance. Such grant or denial will be reversed only on a showing of an abuse of discretion. Discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.
>
> Where a trial court denies a request for continuance, discretion is abused where the defendant's right outweighs the Commonwealth's need for efficient administration.

**Commonwealth v. Pantano**, 836 A.2d 948, 950 (Pa.Super. 2003) (internal citations and quotation marks omitted).

"A defendant has an absolute right to be present at his trial. It is a right, however, which may be waived. It may be waived expressly, or waiver may be implied by a defendant's actions." **Commonwealth v. Sullens**, 533 Pa. 99, 102, 619 A.2d 1349, 1351 (1992). "[W]hen a defendant is absent without cause at the time his trial is scheduled to begin, he may be tried *in absentia*[.]" **Id.** at 104, 619 A.2d at 1352. **See also** Pa.R.Crim.P. 602(A) (stating: "The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence").

> Unless the defendant is prevented from attending the proceedings for reasons beyond his or her control, then the defendant is expected to be present at all stages of the trial. A defendant owes the court an affirmative duty to advise it if he or she will be absent. If a defendant has a valid reason for failing to appear, for example, if he or she has a medical emergency or is called to leave because of a family emergency, then the defendant can alert the court

- 5 -

personally or through counsel of the problem. When, however, the defendant leaves the trial abruptly, without an explanation to either his lawyer or the court, this may be regarded as an absence without cause.

***Commonwealth v. Wilson***, 551 Pa. 593, 600, 712 A.2d 735, 738 (1998) (internal citations omitted).

Instantly, Appellant failed to appear at his original sentencing hearing on July 27, 2022. In light of this absence, the Commonwealth filed a motion to conduct the second trial *in absentia* on August 10, 2022. That same day, the court granted the motion without a hearing. At the commencement of the second trial, defense counsel made an oral motion for a continuance. The court conducted argument on the matter, and the parties acknowledged the following circumstances: 1) the date for Appellant's second trial was stated on the record numerous times; 2) defense counsel admitted that Appellant was aware of the date for the second trial; and 3) defense counsel could not provide a legitimate reason for Appellant's absence due to their limited communication following the first trial. (**See** N.T. Second Trial, 8/16/23, at 4-13).

The trial court evaluated these circumstances and determined "that [Appellant] was made aware, multiple times, of the date and place of the [second trial], and knowingly, voluntarily, and intelligently chose not to appear, thus waiving his right to be present." (Trial Court Opinion, filed 7/12/23, at 6). We cannot say that the court abused its discretion in reaching this determination. **See Pantano, supra**. Contrary to Appellant's assertions,

the court denied defense counsel's request for a continuance only after Appellant failed to appear for multiple proceedings. Despite his awareness of the dates for these proceedings, Appellant failed to communicate a reason for his absence to his attorney or the court. Absent more, the parties did not know when, or if, Appellant would return, and the court properly concluded that Appellant waived his right to be present. ***See Wilson, supra***; ***Sullens, supra***. Thus, Appellant is not entitled to relief on his first issue.

In his second issue, Appellant argues that the Commonwealth's questioning of a probation officer and the victim at the second trial led to prejudicial testimony about Appellant's prior criminal activity. Appellant concedes that the Commonwealth needed to prove that Appellant was previously convicted of an enumerated offense in conjunction with the charge of persons not to possess firearms. Nevertheless, Appellant contends that the questioning of these witnesses elicited unduly prejudicial responses because the record already contained evidence regarding Appellant's prior criminal conduct. Appellant also acknowledges that the court provided a curative instruction after the victim's testimony, but he avers that the instruction could not purge the taint of the prejudice he had already suffered. Appellant concludes that the court abused its discretion in denying his motions for mistrial based upon this testimony. We disagree.

Our standard of review of a court's denial of a motion for mistrial is as follows:

In criminal trials, declaration of a mistrial serves to eliminate the negative effect wrought upon a defendant when prejudicial elements are injected into the case or otherwise discovered at trial. By nullifying the tainted process of the former trial and allowing a new trial to convene, declaration of a mistrial serves not only the defendant's interest but, equally important, the public's interest in fair trials designed to end in just judgments. Accordingly, the trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial. In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, … assess the degree of any resulting prejudice. Our review of the resulting order is constrained to determining whether the court abused its discretion. Judicial discretion requires action in conformity with the law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

*Commonwealth v. Tucker*, 143 A.3d 955, 961 (Pa.Super. 2016), *appeal denied*, 641 Pa. 63, 165 A.3d 895 (2017) (quoting *Commonwealth v. Jaynes*, 135 A.3d 606, 615 (Pa.Super. 2016)). "[T]he nature of the reference and whether the remark was intentionally elicited by the Commonwealth are considerations relevant to the determination of whether a mistrial is required." *Commonwealth v. Kerrigan*, 920 A.2d 190, 199 (Pa.Super. 2007), *appeal denied*, 594 Pa. 676, 932 A.2d 1286 (2007).

Generally, "reference to prior criminal activity by the accused, either expressly or by reasonable implication, is impermissible." *Commonwealth v. Smith*, 552 A.2d 1053, 1060 (Pa.Super. 1988), *appeal denied*, 525 Pa. 581, 575 A.2d 112 (1990). Nevertheless, "[a] singular, passing reference to

prior criminal activity is usually not sufficient to show that the trial court abused its discretion in denying the defendant's motion for a mistrial." ***Commonwealth v. Parker***, 957 A.2d 311, 319 (Pa.Super. 2008), *appeal denied,* 600 Pa. 755, 966 A.2d 571 (2009).

Instantly, the Commonwealth charged Appellant with persons not to possess, which required it to prove that Appellant was previously convicted of an offense rendering him ineligible to possess a firearm. **See** 18 Pa.C.S.A. § 6105 (defining offense of persons not to possess firearms as follows: "A person who has been convicted of an offense enumerated in subsection (b) … shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth"). To establish that Appellant had committed an enumerated offense, the Commonwealth proffered sentencing orders from prior convictions that rendered Appellant ineligible to possess firearms.

After the court admitted the sentencing orders, the Commonwealth presented testimony from a probation officer, Shawn Burkhart. During his testimony, Mr. Burkhart stated, "I would have reviewed [Appellant's file] prior to sentencing in his most recent case." (N.T. Second Trial, 8/16/22, at 106). Appellant's counsel immediately objected, and the court conducted a sidebar. (**See id.** at 106-07). During the sidebar, defense counsel requested a mistrial due to Mr. Burkhart's mention of Appellant's "most recent case." (**Id.** at 107). The court denied the motion, and defense counsel did not request a curative

- 9 -

instruction.

Later, the Commonwealth presented testimony from Victim. During her direct examination, the prosecutor questioned Victim about a letter she had written describing the incident at issue. Victim stated, "My purpose was [Appellant] was trying to motion the court to make bail and get out of jail." (***Id.*** at 132). Defense counsel objected, and the court conducted another sidebar. (***See id.*** at 132-33). During this sidebar, defense counsel again requested a mistrial because of Victim's references to bail and jail. The court denied the motion and provided the jury with a curative instruction. Specifically, the court told the jury:

> I already told you that bail is something that is standard in any case anywhere and that that is not proof of anything. You need to disregard that. Any reference that the witness made to jail is irrelevant. It has nothing to do with proof in the case. And I am specifically instructing you to disregard and not consider whatsoever the statement that the witness made concerning the word "jail."

(***Id.*** at 136). Additionally, the court's jury charge addressed the consideration of prior offenses as follows:

> Now, you have heard evidence that previously [Appellant] had a conviction for aggravated assault and a conviction for unlawful restraint. There is a very limited purpose for what you can consider that evidence. All right? You cannot consider that evidence of any proof that he did anything wrong or anything criminal in this particular case.
>
> This case is only about this one charge that the Commonwealth has in front of us, and the only purpose for which you can consider either or both of those prior convictions is whether the Commonwealth has proven that [Appellant] was an enumerated—was convicted of an

- 10 -

enumerated crime that by law in Pennsylvania precludes him from possessing or using or handling a firearm. You can't draw any negative inference against [Appellant] for those convictions. Again, the only thing you can use it for is whether they've met their burden of proof as to him being convicted of an enumerated offense.

(*Id.* at 160-161).

In its Rule 1925(a) opinion, the court evaluated these circumstances and determined that the testimony from Victim and Mr. Burkhart was not unduly prejudicial:

> The jury was already made aware that [Appellant] had been previously sentenced on at least two offenses, so there was no prejudice to [Appellant] by Mr. Burkhart's comment. Mr. Burkhart did not specify what offense [Appellant] was being sentenced for, nor did he state the date the sentencing hearing occurred. As there was no prejudice to [Appellant], granting a mistrial would have been improper.
>
> The second request for a mistrial was the result of [Victim's] testimony.
>
> *       *       *
>
> Just as above, the jury had already been presented with evidence that [Appellant] was sentenced for multiple criminal offenses. Additionally, an immediate curative instruction was made to the jury. A second instruction was given during the charge to the jury where [the trial c]ourt instructed the jury that any reference to prior criminal offenses was not to be considered for the purposes of any wrongdoing, but solely to determine whether [Appellant] was convicted of an enumerated offense that precluded him from possessing firearms. Moreover, the reason [Victim] was questioned about the letter was because defense counsel accused [Victim] of lying under oath about the incident. Defense counsel was the one who opened the door to [Victim's] testimony about the letter. While the Assistant District Attorney should have treaded more carefully, which the court noted during the sidebar discussion, there was no

- 11 -

ill intent by the Commonwealth in regards to that line of questioning.

(Trial Court Opinion at 10-11). Here, we agree that the witnesses' passing references to prior criminal activity were not unduly prejudicial where the court had already admitted evidence regarding Appellant's criminal history. **See Parker, supra**. Moreover, we can presume that the jury followed the court's curative instruction. **See Commonwealth v. Lamont**, 308 A.3d 304, 312 (Pa.Super. 2024) (reiterating that jury is presumed to follow trial court's instructions). Under these circumstances, we cannot say that the court abused its discretion in denying Appellant's requests for a mistrial. **See Tucker supra**. Thus, Appellant is not entitled to relief on his second issue. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/15/2024

- 12 -