J-S05040-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TERRANCE PERKINS | : | |
| | : | |
| Appellant | : | No. 1727 EDA 2024 |

Appeal from the Judgment of Sentence Entered May 29, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005030-2023

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:             **FILED JUNE 8, 2026**

Appellant, Terrance Perkins, appeals from the judgment of sentence entered by the Delaware County Court of Common Pleas following his bench convictions for false identification to law enforcement authorities and two summary offenses, driving without a license and driving an unregistered vehicle.[1] The sole claim on appeal is that the trial court erroneously proceeded to try Appellant *in absentia* when he failed to appear in court on the day of trial. We affirm because this claim was not preserved for review.

On August 18, 2023, Officer Steven Hurwitz of the Springfield Township police department was in uniform in a marked patrol car on Baltimore Pike. He had in his possession a "license plate reader." Around 9:23 p.m., the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 4914(a) and 75 Pa.C.S. §§ 1501(a) and 1301(a), respectively.

license plate reader indicated a "hit" for an expired registration on a passing Nissan car. The officer stopped the Nissan near the intersection of Baltimore Pike and West Avenue. There were two occupants of the Nissan. Appellant was in the driver's seat. *See* N.T. Trial, 5/23/24, 5-6.

Upon inquiry by the officer, Appellant stated that his name was "Mark Washington," and provided a date of birth in 1965, then claiming to be fifty-nine-years old. The birth date did not match the age Appellant stated, as the officer told him. Appellant insisted he was correct about his age and his name. Appellant did not have a driver's license in his immediate possession. Eventually, the officer arrested Appellant, and brought him to the Springfield Township police station, where he was "live scanned," that is, fingerprinted. By his fingerprints, a police database confirmed Appellant's "true identity" as Terrance Perkins. The officer also confirmed that Appellant did not have a valid driver's license. *See* N.T. Trial, 5/23/24, 6-9.

Appellant was represented by the Office of the Public Defender. Trial was continued at least three times. On February 15, 2024, the matter was continued by the court for trial or status on March 20, 2024. *See* Criminal Notice – Application for Continuance, 2/15/24. On March 20, 2024, the court continued trial to May 23, 2024, at 9:30 a.m. *See* Criminal Notice – Application for Continuance, 3/20/24. Of significance to this appeal, the third continuance specifically noted that the next court date would be for a bench trial, and was signed by defendant, defense counsel and the assistant district attorney to acknowledge their receipt of the notice. *See id.*

On May 23, 2024, the court held trial. At the outset, the court stated for the record:

> THE COURT: All right. We're here for a bench trial which was indicated to this Court and on the record that Mr. Perkins wanted to proceed with a bench trial. This Court also notes that Mr. Perkins is not here. He's failed to appear today. So one of the Rules of Criminal Procedure there is notice, he has notice to be here, was advised to be here. He chooses not to be here. So therefore this Court is going to proceed under the Rules of Criminal Procedure for a trial *in absentia*. And the Court will note for the record since he's not here[,] he's waived any issues as far as presenting any issues regarding the bench trial. Although this Court was led to believe it was going to be a bench trial anyway. So we're ready to proceed.
>
> [Defense Counsel]: And that's correct, Your Honor. This -- so the record is clear back on March 20 we requested a bench trial date.
>
> THE COURT: Very good. All right.

N.T. Trial, 5/23/24, 3-4.

The Commonwealth presented a single witness, Officer Hurwitz, and a photograph of Appellant which the officer identified. *See* N.T. Trial, 5/23/24, 4-9. Defense counsel cross-examined the officer to confirm that when he determined Appellant's identity, he also obtained a date of birth for him. *See id.*, 10. After explaining that a detective was the author of the affidavit for the arrest warrant, the officer explained that being live scanned is just being fingerprinted and that the "fingerprint returns the real identity." *See id.*, 10-11. He also confirmed that Appellant did not make a statement other than to tell the officer "it was his name." *Id.*, 11. The defense presented no evidence. *See id.*, 12.

Finding the testimony of Officer Hurwitz "credible," the court convicted Appellant of all three counts, a misdemeanor of the third degree and two summary violations. N.T. Trial, 5/23/24, 12; *see also* Verdict, 5/23/24. The court also issued a bench warrant for Appellant's failure to appear at trial, and ordered that Appellant be brought to sentencing. *See id.*; *see also* Bench Warrant – Failure to Appear, 5/23/24.

Appellant was arrested some time on the day of trial, May 23, 2024. *See* N.T. Sentencing, 5/29/24, 3. According to defense counsel, Appellant was arrested on his way to court. *See id.* He was held in custody from the time of his arrest until he was brought to court for sentencing, from May 23 to May 29, 2024. *See id.*, 3, 5. On the conviction for giving a false identification to a law enforcement officer, the court imposed a term of imprisonment of time served to twelve months and ordered immediate parole. *See id.*, 5; Certificate of Imposition of Sentence. For the summary violations, the court imposed a fine of $200 for driving without a license and of $75 for driving an unregistered vehicle. *See id.*

During the sentencing proceeding Appellant spoke directly to the court. When the court told him that he should have arrived on time or called to say he would be late on the day of trial, Appellant asserted that he had "texted," to which the court stated, "We heard there was no contact." N.T. Sentencing, 5/29/24, 4. Appellant also said that he "didn't have" his license but had

subsequently obtained his license.[2] *See id.*, 5. Appellant said that he had his license with him when he arrived at court the day of trial, but that it was now with the rest of his personal property at the jail. *See id.* The court replied, "Well, that wasn't presented during trial. You should have been here to present it. The officer said he checked the data bank and you didn't have a license." *Id.* When Appellant asked if he could give the license to the court, the judge said, "[T]oo late now." *Id.* The court concluded the proceeding by informing Appellant of the deadlines for filing a post-sentence motion and an appeal. *See id.*, 5-6. The court entered an order rescinding the bench warrant. *See* Order, 5/28/25.

Appellant did not file a post-sentence motion. On June 27, 2024, Appellant filed a timely notice of appeal. On July 18, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Order, 7/18/24; Pa.R.A.P. 1925. After an extension of time was granted, Appellant complied. *See* Appellant's Statement of Errors Complained of on Appeal, 8/29/24.

Appellant raises a single issue for our review:

> Whether the trial court erred when it proceeded with a bench trial in Appellant's absence where the Commonwealth failed to prove by a preponderance of the evidence that Appellant voluntarily absented himself from trial thereby knowingly and intentionally waiving his right to a jury trial.

---

[2] It is not clear whether Appellant was asserting that he had a valid driver's license on August 18, 2023, but not on him when he was stopped by the officer, or that he had since "got my license and everything." N.T. Sentencing, 5/29/24, 5.

Appellant's Brief, 4.

"A defendant has an absolute right to be present at his trial. It is a right, however, which may be waived. It may be waived expressly, or waiver may be implied by a defendant's actions." ***Commonwealth v. Sullens***, 619 A.2d 1349, 1351 (Pa. 1992) (Flaherty, J., plurality opinion) (citations omitted); ***see also*** Pa.R.Crim.P. 602(A) ("The defendant's absence without cause at the time scheduled for the start of trial or during trial shall not preclude proceeding with the trial, including the return of the verdict and the imposition of sentence"). "A defendant's presence may be deemed waived by the defendant intentionally failing to appear at any stage of the trial after proper notice." Pa.R.Crim.P. 602, comment. "The burden of proving that the defendant's absence is without cause is upon the Commonwealth by a preponderance of the evidence." ***Id.***; ***see also Commonwealth v. Scarborough***, 421 A.2d 147, 153 (Pa. 1980) (when a constitutional right is waived, the Commonwealth must show by a preponderance of the evidence that the waiver was voluntary, knowing and intelligent). We review a decision to conduct a trial *in absentia* for an abuse of discretion. ***Commonwealth v. DeCosta***, 197 A.3d 813, 816 (Pa. Super. 2018); ***see also Commonwealth v. Bond***, 693 A.2d 220, 223 (Pa. Super. 1997) ("we find that the trial court did not abuse its discretion when it […] conducted [appellant's] trial and sentenced him *in absentia*").

Appellant argues that he "did not voluntarily fail to appear for trial." Appellant's Brief, 11. He contends, citing cases, that in considering whether

to proceed when the defendant is absent "the trial court [should] consider how soon the trial could take place with the defendant, the difficulty of rescheduling, and the burden to the Commonwealth, although this list is not exhaustive." *Id.*, 12. He also correctly asserts that there is no jury waiver colloquy in the certified record, but concedes that "defense counsel confirmed that on March 20, 2024, a bench trial was requested." *Id.*, 13. He nonetheless contends that on "this record, there is not a knowing, intelligent and voluntary waiver of the right to a jury trial." *Id.*

He further argues that the "record is bereft of any evidence that [Appellant] voluntarily absented himself from trial." Appellant's Brief, 13. "The Commonwealth presented no evidence to prove that [Appellant] failed to appear without due cause." *Id.*, 14. He notes that the Commonwealth did not present evidence that it had checked to determine if Appellant was in custody or a local hospital, or in any way had "voluntarily absented himself from trial." *Id.*, 14-15. Moreover, he contends that his statement at sentencing that he was on his way to court when he was arrested and had texted the court, outweighs the court's response that "we heard there was no contact" because the court's statement was hearsay. *Id.*, 15.[3]

_____

[3] Appellant also argues that the trial court's assertion in its written opinion that "this Court was informed that [Appellant] was not picked up prior to the listed trial time, but rather, was actually picked up on this Court's bench warrant, which was issued AFTER completion of the bench trial," Trial Court Opinion, 6/30/25, 3, should be ignored because it is outside the record. *See* Appellant's Brief, 14 (emphasis in original). We find, however, that there is

*(Footnote Continued Next Page)*

Not addressed by Appellant, however, is counsel's failure to object to a trial *in absentia*, or to contest the trial court's recitation of reasons to conclude that Appellant was on notice of the trial date and failed to appear as the basis for proceeding to a trial *in absentia*. **See** N.T. Trial, 5/23/24, 3-4. "One must object to errors, improprieties or irregularities at the earliest possible stage of the criminal … adjudicatory process to afford the jurist hearing the case the first occasion to remedy the wrong and possibly avoid an unnecessary appeal to complain of the matter." **Commonwealth v. Strunk***, 953 A.2d 577, 580 (Pa. Super. 2008); **see also Commonwealth v. Rosser**, 135 A.3d 1077, 1086 (Pa. Super. 2016).

Here, the trial court recited facts concerning Appellant's due notice of the trial date, for which there is support in the record in the form of Appellant's signature on the form continuing the matter for trial on May 23, 2024, and its conclusion that it would proceed to trial *in absentia*. **See** N.T. Trial, 5/23/24, 3. Not only did defense counsel fail to object, he stated his *agreement* to the

_____

evidence in the record that supports the conclusion that Appellant was arrested on the basis of the bench warrant, which was issued at the conclusion of the trial and thereby supports that Appellant was not prevented from arriving at court in a timely fashion by his arrest. The court issued the bench warrant at the conclusion of the trial, not before. **See** N.T. Trial, 5/23/24, 12; Bench Warrant – Failure to Appear, 5/23/24. At sentencing, Appellant confirmed to the court, which wanted to grant immediate parole, that there was nothing other than the bench warrant for which he was being held in custody. **See** N.T. Sentencing, 5/29/24, 5. Together, these facts establish that Appellant was arrested on the bench warrant after trial had been completed. Thus, defense counsel's assertion that he had been "picked up" on his way to court on May 23, 2024, **id.**, 3-4, necessarily admits that the arrest occurred the day of trial, but after trial had been completed.

court's recitation. *See id.* ("And that's correct, Your Honor"); *see also Sullens*, 619 A.2d at 1352 (holding that it was proper for trial to commence *in absentia* when the defendant failed to appear on the day his trial was scheduled to begin).[4] Counsel did not contend that Appellant's absence might be involuntary or that Appellant did not have notice of trial, and he did not suggest that the Commonwealth needed to prove that Appellant's absence was without cause. More importantly, he did not assert, at trial or at sentencing, that the court's decision to proceed with a trial *in absentia* was improper. At sentencing, Appellant himself made assertions that contradicted some of the court's findings from six days earlier, but he did not request reconsideration of the court's prior ruling, and neither did counsel. *See* N.T. Sentencing, 5/29/24, 3-4. As no post-sentence motion was filed, we need not consider whether the objection could have been preserved at that time, or, for that matter, whether trial counsel's ineffective assistance could have been

_____

[4] This Court has held that where, as here, a defendant has due notice of the trial date and willfully fails to appear, that is sufficient by itself to support the exercise of the trial court's discretion to proceed to a trial *in absentia*. *See Commonwealth v. Johnson*, 734 A.2d 864, 866–667 (Pa. Super. 1999); *see also Commonwealth v. Bethune*, 2023 WL 8648954, *5 (Pa. Super., filed Dec. 14, 2023) (non-precedential decision cited for persuasive value) ("not disputed that [Bethune] had personal notice of the trial date. The *Sullens* case indicates that this is itself sufficient"); *Commonwealth v. Nelson*, 2024 WL 5256288, *5 (Pa. Super., filed Dec. 31, 2024) (non-precedential decision cited for persuasive value) (finding an abuse of discretion in proceeding to a trial *in absentia* where, unlike here, "the records do not clearly show [that Nelson] had notice of his jury selection […], nor his jury trial).

litigated at that time.[5] The single issue raised in this appeal was not contested before the trial court.

It is well-established that "issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "Even issues of constitutional dimension cannot be raised for the first time on appeal." **Strunk**, 953 A.2d at 579. Indeed, Appellant has not fulfilled any of his briefing obligations to demonstrate where in the record and how his appellate issue had been preserved for review. **See** Pa.R.A.P. 2117(c) (where a waivable claim is presented on appeal, the statement of the case in the appellant's brief must state where in the record and how the claim was preserved for review); Pa.R.A.P. 2119(e) (where waivable claim is presented on appeal, the argument section of the appellant's brief "must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information). "[F]or any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim

---

[5] Even if counsel's ineffective assistance had been raised in a post-sentence motion, for us to review it now we would need to determine whether it had been reviewed in accordance with **Commonwealth v. Holmes**, 79 A.3d 562, 578 (Pa. 2013) (permitting, in narrow circumstances, unitary review on appeal which would include claims of ineffective assistance of counsel where the appellant also expressly waives post-conviction collateral review). **See Commonwealth v. Watson**, 310 A.3d 307, 310-313 (Pa. Super. 2024) (reviewing whether allegations of ineffective assistance had been raised in accordance with **Holmes** on direct appeal and concluding they had not been and therefore had to be deferred to post-conviction review).

unless that particular legal theory was presented to the trial court." *Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008); *see also Commonwealth v. Thur*, 906 A.2d 552, 566 (Pa. Super. 2006).

In addition, the failure to object to the lack of a colloquy for the waiver of a constitutional trial right, results in waiver. *See Commonwealth v. Mumford*, 353 A.3d 247, 260–261 (Pa. Super. 2026) (where the defense failed to object to lack of colloquy to establish a voluntary and knowing waiver of the right to testify, then issue not preserved for appellate review); *Commonwealth v. Gumpert*, 512 A.2d 699, 703 (Pa. Super. 1986) (concluding that challenge to the trial court's failure to conduct a jury waiver colloquy was not preserved for appellate review, because the appellant did not raise the issue before the trial court). Although a jury trial waiver colloquy "shall appear on the record," *see* Pa.R.Crim.P. 620, the lack of doing so, "does not prove, in an absolute sense, that a defendant failed to understand the right he waived by proceeding non-jury." *Commonwealth v. Mallory*, 941 A.2d 686, 697 (Pa. 2008). "A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional 'right.'" *Id.* Therefore, an objection must be raised before the trial court to preserve for appeal a claim based on the lack of an on-the-record colloquy, which objection was not raised in the trial court here.[6]

_____

[6] *See Commonwealth v. Zamichieli*, 2023 WL 4104044, *8 (Pa. Super., filed June 21, 2023) (non-precedential decision cited for persuasive value)
*(Footnote Continued Next Page)*

We therefore conclude that Appellant's sole claim on appeal was not contested or preserved before the trial court. Trial counsel acceded to the trial court's determination to proceed to a trial *in absentia*, and stated agreement with the factual determinations in support of that decision. Appellant cannot raise objections to the trial court's determination for the first time on appeal.[7] By not filing a post-sentence motion, Appellant also forewent any allegation of ineffective assistance of counsel. Accordingly, we affirm the judgment of sentence, albeit on grounds different than the trial court.

Judgment of sentence affirmed.

_____

(defendant waived claim that trial court erred and violated the defendant's right to self-representation by not holding a hearing on his motion to waive counsel and proceed *pro se*, prior to him failing to appear for trial and being tried *in absentia* where trial counsel, in defendant's absence, failed to raise an objection to the trial court's decision to proceed with the trial *in absentia* without first ruling on the motion to proceed *pro se*; citing **Strunk**).

[7] "There is no question that a trial court has both the authority, as well as the need, to run efficiently." **Commonwealth v. Pantano**, 836 A.2d 948, 950–51 (Pa. Super. 2003). However, we are concerned that there is no record evidence the trial court even considered delaying the start of trial until later that same day. The trial was short, with only one police officer witness (and possibly testimony from Appellant if he had been present). Nevertheless, we cannot review that aspect of the court's decision since no one requested a short delay to the start of trial, and the record does not indicate what time of day the decision was made or how many other matters remained on the court's docket that day.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/8/2026